Jeff **WIEGAND, on behalf of himself and all persons similarly situated, Appellant,**

v.

**WALSER AUTOMOTIVE GROUPS, INC., and all related dealerships including but not limited to: Walser Plymouth C., L.L.C., d/b/a Walser Chevrolet, et al., Respondents.**

No. A03–250.

Supreme Court of Minnesota.

July 29, 2004.

**808**

William H. Crowder, Crowder, Bedor & Paulson, L.L.P., St. Paul, Richard Fuller, Mansfield, Tanick & Cohen, P.A., Minneapolis, Consumer Justice Center, P.A., Thomas J. Lyons, Jr., John H. Goolsby, Little Canada, for appellants.

William M. Hart, Melissa Dosick Riethof, Meagher & Geer, Minneapolis, for respondents.

Hart L. Robinovitch, David M. Cialkowski, Zimmerman Reed, P.L.L.P., Minneapolis, Stacy J. Canan, Deborah M. Zuckerman, AARP Foundation, Michael Schuster, Washington, DC, Ira Rheingold, Gen. Counsel, Nat. Ass'n of Consumer Advocates, Washington, DC, for amici curiae AARP and Nat. Ass'n of Consumer Advocates.

Glen Robinsin, Mid-Minnesota Legal Assistance, Minneapolis, Timothy Thompson, Minneapolis, for amicus curiae Mid-MN Legal Assistance.

Mike Hatch, Minnesota Atty. Gen., Prentiss Cox, Asst. Atty. Gen., St. Paul, for amicus curiae State of MN.

Edward T. Wahl, Aaron D. Van Oort, Faegre & Benson, L.L.P., Minneapolis, for amici curiae Chamber of Commerce, et al.

## OPINION

ANDERSON, PAUL H., Justice.

Appellant Jeff Wiegand brought this private consumer fraud class action against respondent Walser Automotive Group, Inc. under Minn.Stat. § 8.31, subd. 3a (2002), and Minn.Stat. § 325F.69, subd. 1 (2002). Wiegand seeks damages on behalf of a class of consumers who purchased service contracts and/or credit insurance from Walser. The issue before us is whether the complaint sets forth a legally sufficient claim for relief. The district court dis-

missed the suit on a Rule 12 motion. The court concluded, as a matter of law, that causation could not be proven on the facts alleged. More particularly, the court concluded that a causal nexus for consumer fraud violations could never be proven between oral representations and consumer injuries when a contract, signed by the consumer, contradicts the content of the oral representations. The court of appeals affirmed. We reverse.

On or about September 26, 1998, appellant Jeff Wiegand visited an automobile dealership owned and operated by respondent Walser Automotive Group, Inc. in order to purchase a motor vehicle—a 1995 Isuzu Trooper. Wiegand alleges that when he purchased the Isuzu Trooper, a Walser representative misrepresented to him the need to purchase a service contract and credit insurance. More specifically, Wiegand alleges that the representative told him he was required to purchase a $1,500 service contract and a $340.37 credit insurance policy in order to obtain financing. Wiegand also alleges that the representative told him that after he made 12 monthly payments, he could refinance at an annual percentage rate (APR) lower than the 19.75% provided for in the contract. According to Wiegand, after he made the 12 monthly payments, he contacted an employee at the bank where he obtained financing and was told that the bank would not refinance.

Wiegand alleges that he agreed to purchase the $1,500 service contract and the $340.37 credit insurance based on the misrepresentations of Walser's representative. Wiegand asserts that these misrepresentations were made to induce him to purchase the service contract and the credit insurance, which resulted in substantial profits for Walser.

Wiegand brought this class action against Walser under Minn.Stat. § 325F.69, subd. 1—a provision of the Minnesota Consumer Fraud Act. Wiegand seeks damages under the private attorney general statute—Minn. Stat. § 8.31, subd. 3a. Minnesota Statutes § 325F.69, subdivision 1, prohibits fraud and misrepresentation related to the sale of merchandise. Specifically, section 325F.69, subdivision 1, provides:

> The act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided herein.

Minnesota Statutes § 8.31, subdivision 3a, allows private plaintiffs to seek damages if they are "injured" by violations of the Consumer Fraud Act. Specifically, Minn. Stat. § 8.31, subd. 3a, provides:

> In addition to the remedies otherwise provided by law, any person injured by a violation of any of the laws referred to in subdivision 1 may bring a civil action and recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court.

Wiegand seeks damages on behalf of a class of consumers who purchased service contracts and/or credit insurance from Walser, which Wiegand alleges includes at least 100 other consumers. Wiegand bases these class action allegations on his own alleged experience with Walser, as well as a settlement agreement reached between Walser and the Minnesota Attorney General. This settlement resolved the Attorney General's investigation of Walser dealerships over their sales and business practices in connection with motor vehicle service contracts. In the set-

tlement, Walser agreed that in the future it would tape record its sales process for service contracts and other products, agreed not to suggest that a service contract is a required purchase, not to misrepresent the scope or extent of coverage under any service contract, and to make a good faith attempt to satisfactorily resolve all future consumer complaints brought to its attention.

Walser points out, and Wiegand acknowledges, that the language of the service contract Wiegand signed directly contradicts the alleged oral misrepresentations about the service contract and credit insurance that he asserts were made by Walser's representative. Specifically, the contract states that credit insurance is not required and, above the signature line, the contract states: "I understand that the purchase of this service contract is not required in order to obtain financing or to purchase this vehicle."

Regarding refinancing, the sales contract between Wiegand and Walser states that Wiegand must make 52 payments at a 19.75% APR, resulting in a $457.50 monthly payment for the full term of the loan. The sales contract does not provide for refinancing at a lower APR after 12 monthly payments, though there is no provision that directly contradicts the alleged statement that Wiegand could refinance after making 12 monthly payments.

Walser brought a Rule 12 motion to dismiss Wiegand's action for failure to state a claim upon which relief could be granted. *See* Minn. R. Civ. P. 12.02(e). The district court granted Walser's motion. The court concluded that Wiegand's allegations that a Walser representative misrepresented to him the need to purchase a service contract and credit insurance could not be proven because any reliance on oral representations is unjustifiable as a matter of law when a written contract, signed by the consumer, contradicts the content of oral representations. A divided panel of the court of appeals affirmed. *Wiegand v. Walser Automotive Groups, Inc.*, 670 N.W.2d 449, 455 (Minn.App.2003). The court of appeals concluded that causation could not be proven as a matter of law because "[e]ach of the oral misrepresentations alleged by Wiegand is contradicted by direct, clear, and unambiguous contractual language included as part of his pleadings." *Wiegand*, 670 N.W.2d at 454.

The district court and court of appeals both based their conclusions on a court of appeals case—*Scott v. Forest Lake Chrysler–Plymouth–Dodge*, 598 N.W.2d 713 (Minn.App.1999), *rev. granted in part, denied in part* (Minn. Nov. 17, 1999) (denying review on consumer fraud issue), *rev'd on other grounds*, 611 N.W.2d 346 (Minn. 2000). In *Scott*, the court of appeals relied on its earlier case, *St. Croix Printing Equip., Inc. v. Rockwell Int'l Corp.*, 428 N.W.2d 877 (Minn.App.), *rev. denied* (Minn. Nov. 16, 1988), to hold that reliance on oral representations is unjustifiable as a matter of law in a *statutory consumer fraud* action when the oral representations are contradicted by clear and unambiguous contract language. *Scott*, 598 N.W.2d at 720. In *St. Croix Printing Equipment*, however, the court of appeals held that reliance on an oral representation that is directly contradicted by a written contract is unjustifiable as a matter of law in an action based on *common law fraud* rather than statutory consumer fraud. 428 N.W.2d at 882. Furthermore, the court of appeals in *St. Croix Printing Equipment* specifically discussed the importance to its decision that the contract was between "merchants" as defined by the Uniform Commercial Code and that unequal bargaining power was not present between the parties to the contract in that case. 428 N.W.2d at 880.

The court of appeals in *Wiegand* recognized the limitations of *Scott* and *St. Croix Printing Equipment* as precedent. *Wiegand*, 670 N.W.2d at 453–54. The court nevertheless held that it was unwilling "to adopt a position directly contrary to *Scott*, in the absence of clear direction from the supreme court that, for rule 12 purposes, the CFA permits a cause of action where alleged oral misrepresentations directly contradict otherwise unobjectionable contractual language." *Id.* at 455. The dissent, on the other hand, concluded that our decision in *Group Health Plan, Inc. v. Philip Morris, Inc.*, 621 N.W.2d 2 (Minn. 2001), changed the analysis for private consumer fraud actions that the court of appeals utilized in *Scott*. The dissent stated that the majority's decision in *Wiegand* "eviscerates the legislature's intent to provide broader consumer protection than that found in common law fraud cases." *Wiegand*, 670 N.W.2d at 455 (Wright, J., dissenting). We granted Wiegand's petition for review of the issues presented to the court of appeals.

■■■ When a defendant brings a Rule 12 motion to dismiss, we must treat the allegations in the complaint as true. *Northern States Power Co. v. Franklin*, 265 Minn. 391, 395, 122 N.W.2d 26, 29 (1963). The general standard is that to survive a Rule 12 motion, a plaintiff need only set forth in the complaint "a legally sufficient claim for relief." *Bodah v. Lakeville Motor Express, Inc.*, 663 N.W.2d 550, 553 (Minn.2003). On review of a Rule 12 dismissal, we will not uphold the dismissal "if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded." *Martens v. Minnesota Min. & Mfg. Co.*, 616 N.W.2d 732, 739–40 (Minn. 2000) (quoting *Northern States Power Co.*, 265 Minn. at 395, 122 N.W.2d at 29).

As mentioned above, we recently examined the requirements for a private consumer fraud class action in *Group Health*. There, in the context of a federal Rule 12 motion to dismiss, we were asked to answer the following certified question: must private plaintiffs "plead and prove reliance on the defendant's statements or conduct in order to be eligible for relief in the form of damages under the [Consumer Fraud Act]?" *Id.* We held that a plaintiff "need only *plead* that the defendant engaged in conduct prohibited by the statutes and that the plaintiff was damaged thereby." *Id.* at 12 (emphasis added). In other words, "[a]llegations of reliance are * * * not necessary to state a claim under section 8.31, subdivision 3a, for damages resulting from a violation." *Id.* We based this conclusion on the fact that the legislature had eliminated the requirement of pleading and proving "traditional common law reliance" as an element of a cause of action based on misrepresentations regarding the sale of merchandise. *Id.* at 13. As a result, we held that "it is not necessary to plead individual consumer reliance on the defendant's wrongful conduct to state a claim for damages under [Minn. Stat. § 8.31, subd. 3a] and the substantive misrepresentation in sales statutes." *Id.*

We recognized in *Group Health*, however, that in order to ultimately prove allegations of consumer fraud, the "injured" element of Minn.Stat. § 8.31, subd. 3a, requires that a private plaintiff prove a "causal nexus" between the plaintiff's injuries and the defendant's wrongful conduct. *Id.* at 14. We explained that in a case such as *Group Health*, in which the plaintiffs' damages were "alleged to be caused by a lengthy course of prohibited conduct that affected a large number of consumers," direct evidence of reliance by individual consumers was not required. *Id.* Rather, in a case such as *Group Health*, "the causal nexus and its reliance component may be established by other direct or circumstantial evidence that the district court

determines is relevant and probative as to the relationship between the claimed damages and the alleged prohibited conduct." *Id.*

In the case before us, Wiegand alleges in his complaint that a Walser representative falsely told him and potentially at least 100 other consumers that he was required to purchase a $1,500 service contract in order to obtain financing, and that he did so. Wiegand also alleges that a Walser representative falsely told him and potentially others that they had to purchase a credit insurance policy in order to obtain financing, and that he did so. Wiegand alleges that he agreed to purchase the service contract and credit insurance based on the misrepresentations of Walser's representative. In sum, the complaint alleges that misrepresentations were made and consumers were damaged thereby. Wiegand's complaint, therefore, meets the requirements we set forth in *Group Health* to establish a legally sufficient claim for relief.

This conclusion, however, does not end our analysis. Dismissal on a Rule 12 motion is still appropriate if the moving party can demonstrate that it is not possible to grant relief on any evidence that might be produced consistent with the complaint. Walser asserts, as the court of appeals held in *Scott*, that the existence of a written contract that contradicts the alleged oral misrepresentations of Walser's representative means that Wiegand cannot prove a causal nexus between the alleged misrepresentations and his injuries as a matter of law. *Scott*, 598 N.W.2d at 720. Walser also attempts to distinguish this case from *Group Health*. According to Walser, because the alleged violations took place through one-on-one transactions, Minnesota law requires proof of individual reliance as a causal link to damages, rather than the causal nexus requirement that we adopted in *Group Health*.[1]

The policy and purpose underlying the Consumer Fraud Act, however, suggest that Walser's assertion that Wiegand and potentially others cannot prove a causal nexus as a matter of law is wrong. We have recognized that the Consumer Fraud Act's substantive misrepresentation in sales section—Minn. Stat. § 325F.69, subd. 1—eliminates elements of common law fraud, such as reliance on misrepresentations. *State by Humphrey v. Alpine Air Prods., Inc.*, 500 N.W.2d 788, 790 (Minn. 1993). More specifically, in *Group Health*, we stated that the Consumer Fraud Act's substantive misrepresentation in sales section eliminates the requirement of proving "traditional common law reliance." 621 N.W.2d at 13. This is so because the Consumer Fraud Act reflects the legislature's intent "to make it easier to sue for consumer fraud than it had been to sue for fraud at common law." *Alpine Air Prods.*, 500 N.W.2d at 790. Furthermore, one of the central purposes of the Consumer Fraud Act is to address the unequal bargaining power that is often found in consumer transactions. *Ly v. Nystrom*, 615 N.W.2d 302, 308 (Minn.2000).

We held in *Group Health* that reliance is a component of the causal nexus requirement for a private consumer fraud class action under Minn.Stat. § 8.31, subd. 3a. *Group Health*, 621 N.W.2d at 14. But a private consumer fraud class action does not necessarily require the justifiable reli-

---

1. Neither party has argued that the issues before us implicate the parol evidence rule. The touchstone of the parol evidence rule is that evidence that contradicts the terms of a written contract may not be admitted to alter the terms of a contract. *Ridgway v. County of Hennepin*, 289 Minn. 128, 137–38, 182 N.W.2d 674, 679 (1971). We do not address the applicability of the parol evidence rule to the issues before us.

ance standard of common law fraud. We conclude that the existence of a written contract that contradicts Walser's alleged oral misrepresentations does not, as a matter of law, negate any possibility of Wiegand and potentially others proving a causal nexus between oral representations and consumer injuries.

At this point in the proceedings, it is unclear what evidence might be produced consistent with the complaint. Accordingly, for purposes of Walser's Rule 12 motion to dismiss, it is not necessary for us to determine precisely what might be required for Wiegand to prove a causal nexus and its reliance component in this private consumer fraud action. Nor is it necessary for us to resolve Walser's assertion that proof of individual reliance is required because the alleged violations took place through one-on-one transactions. Thus, we hold that Wiegand's complaint sets forth a claim for relief that is legally sufficient to survive Walser's Rule 12 motion to dismiss. The district court erred when it dismissed Wiegand's complaint.

Reversed.

PAGE and GILBERT, JJ., took no part in the consideration or decision of this case.