No. A11–1376.

COLUMBIA CASUALTY COMPANY, et al., Respondents,

v.

3M COMPANY, Appellant,

ACE American Insurance Company, et al., Respondents,

Arrowood Indemnity Company, Respondent,

Atlanta International Insurance Company, Respondent,

Centennial Insurance Company, Respondent,

Employers Insurance of Wausau, et al., Respondents,

Evanston Insurance Company, Respondent,

Executive Risk Indemnity, Inc., Respondent,

Fairmont Premier Insurance Company, et al., Respondents,

First State Insurance Company, et al., Respondents,

Great American Insurance Company, Respondent,

Lumbermens Mutual Casualty Company, Respondent,

Mutual Marine Office, Inc., et al., Respondents,

One Beacon America Insurance Company as successor in interest to Employer's Liability Assurance Corporation, et al., Respondents,

Republic Western Insurance Company, Respondent,

Westport Insurance Corporation f/k/a Puritan Insurance Company f/k/a The Manhattan Fire & Marine Insurance Company, et al., Respondents.

Court of Appeals of Minnesota.

March 26, 2012.

34

Jeanne H. Unger, Mark R. Bradford, Bassford Remele, Minneapolis, MN; and David E. Schoenfeld (pro hac vice), Grippo & Elden LLC, Chicago, IL, for respondents Columbia Casualty Company, et al.

Douglas L. Skor, Paula Duggan Vraa, Patrick J. Boley, Larson King, LLP, St. Paul, MN, for appellant.

Richard D. Snyder, Thomas Fraser, Fredrikson & Byron, P.A., Minneapolis, MN; and Paul W. Kalish, Margot L. Green, Christie S. Hudson, Crowell & Moring LLP, Washington, D.C., for respondents Ace European Group, Ltd., et al.

Bryan S. Chapman, Bruce D. Celebrezze, Sedgwick, Detert, Moran & Arnold LLP, Chicago, IL; and Jacob M. Tomczik, Aafedt, Forde, Gray, Monson & Hager P.A., Minneapolis, MN, for respondent Arrowood Indemnity Company.

Timothy J. O'Connor, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, MN, for respondent Centennial Insurance Company.

Skip Durocher, Bryan C. Keane, Tim Droske, Dorsey & Whitney, LLP, Minneapolis, MN, for respondent Employers Insurance of Wausau.

Richard P. Mahoney, Mahoney, Dougherty & Mahoney, P.A., Minneapolis, MN; and Robert P. Siegel, Vivian Villegas, Traub Lieberman Strauss & Shrewsberry LLP, Hawthorne, NY, for respondent Evanston Insurance Company.

John M. Anderson, Robin Ann Williams, Bassford Remele, Minneapolis, MN, for respondent Executive Risk Indemnity Inc.

Dyan J. Ebert, Quinlivan & Hughes P.A., St. Cloud, MN; and John T. Harding, Morrison Mahoney LLP, Boston, MA, for respondent Fairmont Premier Insurance Company.

Robert L. McCollum, McCollum, Crowley, Moschet & Miller, Ltd., Bloomington, MN; and Edward B. Parks II, James P. Ruggeri, Shipman & Goodwin LLP, Washington, D.C., for respondent First State Insurance Company.

Charles E. Spevacek, Amy J. Woodworth, Meagher & Geer PLLP, Minne-

apolis, MN, for respondent Great American Insurance Company.

Timothy P. Tobin, Timothy J. Crocker, Gislason & Hunter LLP, Minneapolis, MN; and Ira Revich, Caroline van Oosterom, Charlston, Revich & Wollitz LLP, Los Angeles, CA, for respondent Lumbermens Mutual Casualty Company.

Thomas D. Jensen, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, MN, for respondent Mutual Marine Office, Inc.

James T. Martin, Joel M. Muscoplat, Gislason, Martin, Varpness & Janes P.A., Edina, MN, for respondent One Beacon America.

Thomas P. Kane, Michelle D. Mitchell, Hinshaw & Culbertson LLP, Minneapolis, MN, for respondent Republic Western Insurance Company.

Peter VanBergen, Cousineau McGuire & Anderson, Minneapolis, MN, for respondent Atlanta International Insurance Company.

Paul R. Smith, Foley & Mansfield, Minneapolis, MN, for respondent Westport Insurance Corp., et al.

Considered and decided by PETERSON, Presiding Judge; LARKIN, Judge; and CRIPPEN, Judge.*

## OPINION

LARKIN, Judge.

Appellant challenges the district court's dismissal of its claims for breach of the implied covenant of good faith and fair dealing. Because the dismissal was based on the erroneous conclusion that a party may not maintain both a claim for breach of contract and a claim for breach of the implied covenant of good faith and fair dealing based on the same conduct, and because appellant stated a claim upon which relief may be granted, we reverse and remand.

## FACTS

Respondents Columbia Casualty Company and Continental Insurance Company commenced a declaratory-judgment action against appellant 3M Company and other respondent insurers[1] regarding insurance coverage for certain claims against 3M. 3M asserted counterclaims and cross-claims for declaratory judgment, breach of contract, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing. 3M also asserted a counterclaim for abuse of process. 3M alleged that the insurers breached express terms of the insurance policies by refusing to reimburse or indemnify 3M for the costs of defending or resolving certain products-liability claims. 3M also alleged that the insurers breached the implied covenant of good faith and fair dealing by engaging in subterfuges and evasions, rejecting performance for unstated and unsupported reasons, and in the case of respondents Columbia Casualty Company and Continental Insurance Company, "attempting to create confrontation and dispute between 3M and its other insurers where none would otherwise exist."

By orders dated June 16 and July 9, 2010, the district court dismissed 3M's claims for abuse of process, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing under Minn. R. Civ. P. 12.02(e) for failure to state a claim upon which relief may be granted. By order dated June 3, 2011, the

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. We refer to respondents Columbia Casualty Company and Continental Insurance Company and the other respondent insurers collectively as the "insurers."

district court denied 3M's motion for reconsideration of the court's June 16 and July 9, 2010 orders, made an express determination that there was "no just reason for delay," and directed entry of judgment. 3M appeals, challenging the dismissal of its claims for breach of the implied covenant of good faith and fair dealing.

## ISSUE

Did the district court err in dismissing 3M's claims for breach of the implied covenant of good faith and fair dealing?

## ANALYSIS

*Standard of Review*

■ Because this case comes to us on appeal from the district court's decision to dismiss a complaint pursuant to Minn. R. Civ. P. 12.02(e) for failure to state a claim upon which relief can be granted, our review is de novo. *See Bahr v. Capella Univ.*, 788 N.W.2d 76, 80 (Minn.2010).

*Alternative Claims*

■ The rule 12 dismissal in this case primarily was based on the district court's conclusion that 3M could not simultaneously maintain its claims for breach of contract and breach of the implied covenant of good faith and fair dealing because the claims were based on the same conduct.[2] The district court acknowledged that the implied covenant of good faith and fair dealing is recognized in most contracts, including insurance contracts. *See In re Hennepin Cnty. 1986 Recycling Bond Litig.*, 540 N.W.2d 494, 502 (Minn.1995) ("Under Minnesota law, every contract includes an implied covenant of good faith

and fair dealing...."); *see also Larson v. Anchor Cas. Co.*, 249 Minn. 339, 349–50, 82 N.W.2d 376, 383 (1957) ("[I]t is the duty of the insurance company to exercise good faith toward the insured, both in the investigation under a liability policy and in the defense of the lawsuit and in the payment of its obligations under the insurance contract."). But the district court nevertheless dismissed the implied-covenant claims, reasoning that "Minnesota law does not recognize a separate cause of action for the same when it arises from the same conduct as a breach of contract claim."

■ The district court relied on *Wild v. Rarig*, 302 Minn. 419, 234 N.W.2d 775 (1975). In *Wild*, a jury awarded plaintiff compensatory and punitive damages on a bad-faith-termination-of-contract claim. 302 Minn. at 439–40, 234 N.W.2d at 789. On appeal to the supreme court, the defendants challenged certain rulings of the district court, arguing in part that the district court erred by submitting a claim of bad-faith termination of contract to the jury because "there is no tort action for bad-faith termination of contract independent of or in addition to damages for conventional breach of contract." *Id.* at 440, 234 N.W.2d at 789. The supreme court agreed, concluding that the bad-faith-termination-of-contract claim was submitted to the jury as "a separate and distinct tort claim for which a separate recovery was awarded." *Id.* The supreme court stated that when a plaintiff seeks to recover damages for an alleged breach of contract, the plaintiff "is limited to damages flowing only from such breach except in exceptional cases where the defendant's breach of contract constitutes or is accompanied by

**2.** 3M disputes that the same conduct underlies its breach-of-contract and implied-covenant claims. Because we ultimately conclude that simultaneous, alternative claims are permissible even though they are based on the same conduct, we do not address the parties' dispute regarding whether 3M's breach-of-contract and implied-covenant claims are based on the same conduct.

an independent tort." *Id.* The supreme court rejected plaintiff's argument that a bad-faith or malicious breach of the implied covenant of good faith provides a tort remedy. *Id.* at 441, 234 N.W.2d at 790. "A malicious or bad-faith motive in breaching a contract does not convert a contract action into a tort action." *Id.* at 442, 234 N.W.2d at 790.

The district court correctly cited *Wild* for the principle that a "bad-faith termination of contract is not an independent tort of the kind that will permit a tort recovery," *id.*, but the district court went on to state that because 3M's breach-of-contract and implied-covenant claims were "premised on the allegation that [the insurers] refused or evaded their contractual obligations to 3M for defense and indemnity[,] 3M's remedy is contractual and 3M has provided no independent basis to support a tort recovery." The district court therefore concluded that 3M's claims for breach of the implied covenant of good faith and fair dealing must be dismissed, reasoning that the claims are "superfluous."

3M argues that the district court's reasoning is faulty in that it fails to recognize that 3M does not seek tort damages. In the district court, 3M argued that it sought consequential damages, "which are a well-established contractual remedy." 3M reiterated this point in its arguments to this court, contending that "*Wild v. Rarig* does not apply because 3M is not seeking a tort remedy." 3M argues that its implied-covenant claims are contractual and explains that the claims are based on an alleged breach of an implied covenant, instead of a covenant that is expressed in the language of the insurance policies. *See Watson Bros. Transp. Co. v. Jaffa,* 143 F.2d 340, 348 (8th Cir.1944) ("[I]t is well settled that a contract includes not only the terms set forth in express words, but in addition all implied provisions indispensable to effectuate the intention of the parties and carry out the contract...").

3M's argument is persuasive. 3M seeks contractual damages on alternative theories: breach of the express terms of the insurance policies and breach of a provision that is read into most contracts under Minnesota law, namely, the implied covenant of good faith and fair dealing. Although 3M cannot recover damages on both theories for the same conduct, *see Vesta State Bank v. Indep. State Bank of Minn.,* 518 N.W.2d 850, 855 (Minn.1994) (recognizing that a claimant cannot obtain double recovery for the same wrong), Minnesota precedent does not preclude 3M from pleading both theories. *See Wirig v. Kinney Shoe Corp.,* 461 N.W.2d 374, 379 (Minn.1990) (concluding that "[w]hat we have here are two legal remedies for the same wrongful conduct," and that the "plaintiff may pursue either or both [claims], provided, however, there is no double recovery").

In fact, the Minnesota Rules of Civil Procedure expressly allow 3M to plead the alternative theories of recovery. Rule 8.05(b) provides that

[a] party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal or equitable grounds or both.

Under rule 8.05, a party can plead alternative or inconsistent theories even though

the substantive law precludes double recovery. *See* 1 David F. Herr & Roger S. Haydock, *Minnesota Practice* § 8:7 (5th ed. 2009) ("The ability to plead alternatively under Rule 8.05(b) generally permits a party to avoid having to elect a remedy.... Although election of remedies may exist as part of the substantive law, the requirement to elect a remedy is not contained in the Rules of Civil Procedure."). Rule 8.05(b) therefore authorizes 3M to assert alternative theories of recovery based on the same underlying conduct in a single lawsuit. *See Kelly v. Ellefson,* 712 N.W.2d 759, 766–67 (Minn.2006) (stating that alternative pleading is expressly authorized under notice pleading, which took effect in Minnesota following the adoption of Minn. R. Civ. P. 8.01).

We have considered the insurers' arguments to the contrary and find that none is persuasive. The insurers first argue that Minnesota law bars an implied-covenant claim that is based on the same conduct as a simultaneous breach-of-contract claim, primarily relying on unpublished decisions of this court. This reliance is misplaced. *See* Minn.Stat. § 480A.08, subd. 3(c) (2010) (stating that "[u]npublished opinions of the Court of Appeals *are not precedential*" (emphasis added)); *Gen. Cas. Co. of Wis. v. Wozniak Travel, Inc.,* 762 N.W.2d 572, 575 n. 2 (Minn.2009) (stating that "the unpublished Minnesota court of appeals decision does not constitute precedent"). Because the unpublished opinions cited by the insurers have no precedential value, we do not analyze them.

The insurers also argue that "[t]he main reason for dismissing duplicative implied covenant claims is to eliminate redundancy in pleadings," asserting that "[i]f a breach of contract claim is based on conduct violating the express terms of the contract, there is no reason to consider an implied covenant claim based on the same con-

duct." This argument fails for two reasons: it is unsupported by precedential authority and it is inconsistent with the allowance for alternative pleading under rule 8.05. The argument also ignores the obvious reason to plead an implied-covenant claim in addition to a breach-of-contract claim although both claims are based on the same conduct: the claimant may not prevail on the breach-of-contract claim.

The insurers' argument that the dismissal finds support in *In re Hennepin* similarly fails. The insurers argue that "*In re Hennepin* [a]nd [i]ts [p]rogeny" confirm that an implied-covenant claim may not be based on the same conduct as a breach-of-contract claim. *In re Hennepin* involved a dismissal of simultaneous breach-of-contract and implied-covenant claims under rule 12.02(e). 540 N.W.2d at 496–97. As to the express breach-of-contract claim, the supreme court held that the plaintiffs stated a claim upon which relief could be granted. *Id.* at 501. The supreme court also concluded that the plaintiffs properly stated a claim for breach of the implied covenant of good faith and fair dealing. *Id.* at 503. In doing so, the supreme court recognized that contracts may contain both express and implied terms and stated that "[t]o allege an implied covenant claim the [plaintiffs] need not first establish an express breach of contract claim—indeed a claim for breach of an implied covenant of good faith and fair dealing implicitly assumes that the parties did not expressly articulate the covenant allegedly breached." *Id.*

The insurers construe the quoted language as preventing simultaneous breach-of-contract and implied-covenant claims when the underlying conduct is governed by the express terms of the contract, arguing that "the crucial factor is whether an implied covenant claim alleges conduct *already governed by the express terms of a*

*written contract."* The insurers essentially argue that when the complained-of conduct violates an identifiable, express contractual term, a claimant may not assert an implied-covenant claim based on the same conduct. We disagree. First, the alternative-pleading issue was not raised or determined in *In re Hennepin.* The insurers recognize as much, arguing that "the *In re Hennepin* court never faced the question of whether an implied covenant [claim] was appropriate where there were express contract terms unambiguously governing the alleged conduct." Second, the insurers' interpretation of *In re Hennepin* is inconsistent with a party's ability to plead alternative claims under rule 8.05(b).

The insurers also attempt to refute 3M's argument that *Wild* is inapplicable. In doing so, the insurers misconstrue the holding of *Wild.* Contrary to the insurers' contention, *Wild* does not hold that "an implied covenant claim cannot be based on the same conduct as a breach of contract claim." The supreme court merely concluded that a plaintiff is not entitled to recover tort damages for a bad-faith or malicious breach of the implied covenant of good faith. *Wild,* 302 Minn. at 442, 234 N.W.2d at 790. Because 3M does not seek tort damages, *Wild* is inapplicable.

In summary, we conclude that 3M's claims for breach of the implied covenant of good faith and fair dealing are permissible even if they are based on the same conduct as 3M's claims for breach of the express terms of the insurance policies.

*Sufficiency of the Pleading*

 Having concluded that 3M's alternative claims are permissible, we next consider whether 3M's pleading is sufficient to survive dismissal under rule 12. A pleading must "contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief sought.... Relief in the alternative or of several different types may be demanded." Minn. R. Civ. P. 8.01. A claim survives a motion to dismiss under rule 12.02(e)

> if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded. To state it another way, under this rule a pleading will be dismissed only if it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the relief demanded.

*N. States Power Co. v. Franklin,* 265 Minn. 391, 395, 122 N.W.2d 26, 29 (1963); *see Bahr,* 788 N.W.2d at 80 (quoting *Franklin,* 265 Minn. at 395, 122 N.W.2d at 29). When conducting a de novo review of a rule 12 dismissal, we "consider only the facts alleged in the complaint, accepting those facts as true and must construe all reasonable inferences in favor of the nonmoving party." *Bahr,* 788 N.W.2d at 80 (quotation omitted).

In denying 3M's motion for reconsideration, the district court observed that the supreme court's recognition of the implied covenant of good faith and fair dealing in *In re Hennepin* was based on circumstances in which one party unjustifiably hinders the other party's performance of the contract. *See In re Hennepin,* 540 N.W.2d at 502 ("Under Minnesota law, every contract includes an implied covenant of good faith and fair dealing requiring that one party not 'unjustifiably hinder' the other party's performance of the contract."). The district court concluded that "[n]othing in the record in the case at hand suggests that 3M alleges that [the insurers] unjustifiably hindered [3M's] performance of the contract." On appeal, the insurers argue that a viable implied covenant claim must include allegations that a party unjustifiably hindered another par-

ty's performance of the contact and that such allegations are lacking in this case. 3M disagrees, arguing that Minnesota law does not limit an implied-covenant claim to the unjustifiable hindrance of performance. *See* Restatement (Second) of Contracts § 205 cmt. d (1981) (describing several types of conduct that may constitute a breach of the implied covenant). 3M alternatively argues that "even if this Court were to agree with the constrained interpretation applied by the district court, . . . 3M's pleading satisfies that test."

We need not determine whether Minnesota's recognition of the implied covenant of good faith and fair dealing is limited to unjustifiable hindrance of a party's performance under the contract. Under the pleading standard described above, the allegations set forth in 3M's counterclaim and cross-claims, including its assertion that the insurers have "engaged in . . . rejection of performance for unstated and unsupported reasons," are adequate to state a claim for which relief can be granted. *See Franklin*, 265 Minn. at 395, 122 N.W.2d at 29.

We conclude our analysis by addressing the insurers' argument that in dismissing the implied-covenant claims, the district court properly rejected 3M's argument that a successful implied-covenant claim may support an award of equitable relief. Although both parties present appellate arguments regarding whether or not equitable relief would be appropriate if 3M were to prevail on its implied-covenant claims, the issue is premature and not properly before this court. *See Lipka v. Minn. Sch. Emps. Ass'n, Local 1980*, 550 N.W.2d 618, 622 (Minn.1996) ("[J]udicial restraint bids us to refrain from deciding any issue not essential to the disposition of the particular controversy before us."); *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn.1988) ("The function of the court of appeals is limited to identifying errors and then correcting them."). We therefore do not consider whether 3M's implied-covenant claims, if proved, would support an award of equitable relief.

## DECISION

Because 3M may simultaneously maintain its breach-of-contract and implied-covenant claims, even if the claims are based on the same conduct, and because 3M stated a claim upon which relief may be granted, the district court erred in dismissing 3M's implied-covenant claims. We therefore reverse and remand for further proceedings.

**Reversed and remanded.**