Filed 04/13/26

| | | |
|---|---|---|
| **VERMONT SUPERIOR COURT**<br>Washington Unit<br>65 State Street<br>Montpelier VT 05602<br>802-828-2091<br>www.vermontjudiciary.org |  | CIVIL DIVISION<br>Case No. 25-CV-05517 |

---

**Karen Turk v. Ecowood Floors LLC et al**

---

## ENTRY REGARDING MOTION

**Title:** Motion to Dismiss Counts 2 and 3 of the Counterclaim (Motion: 1)
**Filer:** Brice Simon
**Filed Date:** January 28, 2026

The motion is DENIED.

Plaintiff Karen Turk seeks to dismiss Defendant Ecowood Floors, LLC's counterclaims alleging breach of the covenant of good faith and fair dealing and violations of the Prompt Pay Act. After reviewing the motions and counterclaims, the Court finds that there is a legal basis for Defendant's claim for breach of the covenant of good faith and fair dealing as a pleading in the alternative and sufficient factual allegations to survive a Rule 12(b)(6) challenge. The Court also finds that Plaintiff's second argument concerning a lack of invoice is premature.

**Legal Standard**

To determine whether a complaint survives a motion to dismiss, the court assumes the factual allegations in the complaint are true. *Colby v. Umbrella Inc.*, 2008 VT 20, ¶ 5. The Court will only grant the motion if there are no facts or circumstances that would grant plaintiff relief. Id. This is because the purpose of a motion to dismiss for failure to state a claim is "to test the law of the claim, not the facts which support it." *Brigham v. State of Vermont*, 2005 VT 105, ¶ 11 (quoting *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002)). Courts rarely grant motions to dismiss for failure to state a claim. *Colby*, 2008 VT 20, at ¶ 5; see also *Kaplan v. Morgan Stanley & Co., Inc.*, 2009 VT 78, ¶ 7. Courts generally disfavor these motions. *Bock v. Gold*, 2008 VT 81, ¶ 4 ("Motions to dismiss for failure to state a claim are disfavored and should be rarely granted."). For these reasons, a party seeking dismissal has a high burden to show that they are entitled to such an initial ruling. *Bock*, 2008 VT 81 at ¶ 4.

## Breach of the Covenant of Good Faith and Fair Dealing

The covenant of good faith and fair dealing is an implied term in every contract formed under Vermont law. *Carmichael v. Adirondack Bottled Gas Corp. of Vermont*, 161 Vt. 200, 208 (1993). The purpose of the covenant is the "underlying principle . . . that each party promises not to do anything to undermine or destroy other's rights to receive benefits of the agreement." Id. The parameters and boundaries of what constitutes this covenant are contextual and fact-specific. Id. The covenant, however, is limited in its application because it is intended to protect "against conduct which violates community standards of decency, fairness, or reasonableness." *Harsch Properties, Inc. v. Nicholas*, 2007 VT 70, ¶ 14. While a claim for a breach of the covenant of good faith and fair dealing requires a showing that the parties were in a contractual relationship, a claim for breach of this covenant must be based on conduct that is separate and distinct from the underlying breach of the contract. Id. (citing *Monahan v. GMAC Mort. Corp.*, 2005 VT 110, ¶ 54 n.5). This is because the good faith and fair dealing claim is, in fact, notwithstanding its relationship to contract, a tort claim, which requires a separate basis from the allegations that support the claim that a party breached its express or implied obligations under the contract. *Greene v. Stevens Gas Serv.*, 2004 VT 67, ¶ 25.

The basis for Plaintiff's motion to dismiss Defendant's good faith and fair dealing claim is straightforward. Plaintiff simply notes that Defendant's breach of contract and breach of the covenant of good faith and fair dealing counterclaims allege precisely the same two allegations: (1) that Plaintiff failed to meet the prerequisites with regard to the condition of the property and storage of the flooring materials prior the construction start date; and (2) that she refused to allow Defendants to continue to perform their work under the contract and demanded a refund of amounts paid.

On its face, this pleading runs contrary to the principle that a breach of good faith and fair dealing claim may be pled alongside a breach of contract claim, but only if the first is based on different conduct than the breach of contract. *Carmichael*, 161 Vt. at 208.

In its opposition, however, Ecowood makes two persuasive arguments.

The first is that its good faith and fair dealing claim is a pleading in the alternative under Rule 8(e)(2), which permits parties to:

> [S]et forth two or more statements of a claims or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses . . . A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, or on equitable grounds, or on both.

V.R.C.P. 8(e)(2); see also *Lewis v. Cohen*, 157 Vt. 564, 571 (1991) ("Plaintiffs, however, were entitled to pursue inconsistent claims in one case.").

In this respect, Ecowood acknowledges that both the breach of contract claim and the good faith and fair dealing claim rely on identical facts and by extension cannot both be asserted simultaneously. Instead, Ecowood contends that Rule 8(e)(2) permits it to go forward at the pleading stage with both theories under a flexible standard that will allow it to conduct discovery. The implied understanding in this argument is that as discovery goes forward, Ecowood will either have to choose which claim to bring forward or seek instructions that the jury only consider the good faith and fair dealing claims if it determines no breach of contract to have occurred. See, e.g., *Wade v. Kessler Institute*, 798 A.2d 1251, 1262–63 (N.J. 2002) ("When supported by the facts, a jury may determine whether an employer has breached the express terms of a . . . contract, and if not, whether the employer nonetheless has breached the implied covenant of good faith and fair dealing."); see also 5 C. Wright & A. Miller, Fed. Prac. & Proc. § 1282, at n. 3 (4th ed. 2026 update) (collecting either/or and if/then cases using Rule 8(e)(2) to plead alternative theories).

Even if the Court permits pleading in the alternative, Defendant is obligated to support its claim with sufficient facts to establish its claim. See 5 C. Wright & A. Miller, Fed. Prac. & Proc. § 1285 (4th ed. 2026 update) (noting that courts have required parties to engage in due diligence and to ground alternative claims in facts and law as they are known at the time of pleading).

This brings us to Defendant's second argument. Defendant contends that Plaintiff's actions taken together, collectively represent a bad faith effort to undermine the contract. In this respect, Defendant contends that a jury could find that Plaintiff's actions were not breaches of the contract, but a systematic and intentional effort to undermine the agreement and unjustifiably hinder Ecowood's performance of its contract obligations, thereby fostering its non-performance and loss of revenue. As noted above, the parameters of the covenant of good faith and fair dealing are fact-specific and dependent on the context surrounding the parties' agreement and

subsequent performance. *Carmichael*, 161 Vt. at 208. At this stage, determining the credibility of Defendant's contentions would require determining facts that are beyond the pleading. For the present motion, Defendant has satisfied its burden by presenting a plausible theory to support the good faith and fair dealing claim.

Given Defendant's satisfaction of this minimum threshold, it would be improper under Rule 12(b)(6) to dismiss this claim. By permitting Defendant to continue with its good faith and fair dealing claim, the parties may conduct discovery and develop their claim and defenses. Finally, the Court will note that other jurisdictions have permitted similar breach of contract and good faith and fair dealings claims to proceed to discovery, even when based on the same factual allegations. See, e.g., *Robert Reiser & Co. v. Scriven*, 130 F.Supp.3d 488, 496 (D.Mass. 2015) (noting that Rule 8 allows a party to plead both breach of contract and breach of the covenant of good faith and fair dealing on identical allegations); *Columbia Cas. Co. v. 3M Co.*, 814 N.W.2d 33, 37–39 (Minn. Ct. App. 2012) ("[W]e conclude that 3M's claims for breach of the implied covenant of good faith and fair dealing are permissible even if they are based on the same conduct as 3M's claims for breach of the express terms of the insurance policies."); *Botbol v. Frosch International Travel, Inc.*, 201 N.Y.S.3d 387, 389 (N.Y. Sup. Ct. 2023) ("Although these allegations formed part of plaintiff's breach of contract claim, to the extent that the allegations, if true, may not have constituted a breach of contract, they are separate from that claim and in any event pleaded in the alternative."); *Wade*, 798 A.2d at 1262–63 (noting that both breach of contract and breach of covenant of good faith and fair dealing can be maintained on the same facts but only if the latter is pled in the alternative).

For these reasons, Plaintiff's motion to dismiss Defendant's breach of the covenant of good faith and fair dealing counterclaim is **Denied.**

**Defendant's Prompt Pay Act Claim**

Plaintiff contends that Defendant's prompt pay claims must fail because it has not alleged that it invoiced Plaintiff for the work or damages sought. Under section 4002(c) "final invoices shall be due from the owner 20 days after end of billing period or 20 days after delivery of invoice, whichever is later." 9 V.S.A. § 4002(c). The Vermont Supreme Court, however, has rejected the premise that the Prompt Pay Act conditions its application upon the submission of particular invoices. *Reed v. Zurn*, 2010 VT 14, ¶ 15. At least one of the cases cited by Plaintiff

stands for the proposition that the complaint itself can constitute a final invoice. *Dorr v. LaCoste*, Dckt. No. 2012-408, at 2 (June 2013) (unpub. mem.). While at least one trial court has rejected a prompt pay claim based on the failure of the contractor to submit a final invoice, this decision pre-dates *Reed*. *King v. Bishop*, Dckt. No. 131-4-12 Bncv, available at 2013 WL 7346970, at \*9 (Nov. 12, 2013) (Wesley, J.). Furthermore, *King* is focused primarily on certain types of relief that the Prompt Pay Act offers when an invoice is submitted and not paid on a timely basis. Id.

In the present matter, it is unclear at this point if Ecowood submitted an invoice to Ms. Turk prior to the commencement of this action, whether she was otherwise aware or on notice of Ecowood's invoice amounts, or if she had a valid objection to these billing amounts. Until these factual issues and defenses are developed, a motion to dismiss is premature. In this respect, the Court offers no opinion on the ultimate success of Defendant's Prompt Pay Act claims or the likelihood of success of Plaintiff's defenses. Instead, this ruling is premised on the fact that the existence of an invoice or similar notice may be critical to when and how the provisions of the Prompt Pay Act function in a particular case, but such determination is ultimately a fact-specific examination based on the customer's notice and opportunity to contest. Given Vermont's liberal notice pleading standards, the failure to plead a specific invoice is not fatal on its face to Defendant's claim. *Bock v. Gold*, 2008 VT 81, ¶ 4 ("Put another way, the threshold a plaintiff must cross in order to meet our notice-pleading standard is exceedingly low.") (internal citations omitted); *Reed* , 2010 VT 14, at ¶ 15 (finding the lack of regular invoicing is not necessarily fatal to a Prompt Pay Act claim).

For these reasons, Plaintiff's motion to dismiss Defendant's Prompt Pay Act counterclaim is **Denied** at this time.

**ORDER**

Based on the foregoing, Plaintiff Turk's motion to dismiss is **Denied.**

Electronically signed on 4/11/2026 1:57 AM pursuant to V.R.E.F. 9(d)

_____

Daniel P. Richardson
Superior Court Judge