CHARLES E. COTTRELL *vs.* CITIZENS' SAVINGS BANK OF DETROIT *et al.*

Argued April 20, 1893. Decided May 8, 1893.

**Reformation of Deed Refused.**

> Assuming, without deciding, that under some circumstances, and in an action brought for that purpose against the beneficiaries of the trust, a deed of assignment for the benefit of creditors may be corrected and reformed,—on the ground of mutuality of mistake,—so as to conform to the intentions of the immediate parties thereto, such correction and reformation cannot be had if it appears that the beneficiaries may have lost valuable rights, and will not be placed *in statu quo* in case the relief demanded is granted.

Appeal by plaintiff, Charles E. Cottrell, from an order of the District Court of Hennepin County, *Seagrave Smith*, J., made November 19, 1892, sustaining a demurrer to the complaint.

The facts appear in *Mackellar* v. *Pillsbury*, 48 Minn. 396. After the decision of that appeal, this action was commenced by the assignor against all his creditors and the assignee, S. A. Booth, to reform the deed of assignment, on the ground of mutual mistake. The defendant Citizens' Savings Bank of Detroit, Michigan,

one of the creditors, demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and judgment ordered dismissing the action.

*C. S. Jelley,* for appellant, cited *Rogers* v. *Castle,* 51 Minn. 428; *Benson* v. *Markoe,* 37 Minn. 30; *Buckley* v. *Patterson,* 39 Minn. 250; and *Gerdine* v. *Menage,* 41 Minn. 417.

*Carman N. Smith* and *A. H. Hall,* for respondents, cited *Mackellar* v. *Pillsbury,* 48 Minn. 396; *Baker* v. *Harlan,* 3 Lea, 505; *Scull* v. *Reaves,* 3 N. J. Eq. 131; and *Messonnier* v. *Kauman,* 3 John. Ch. 3.

COLLINS, J. This appeal is from an order sustaining a general demurrer to the complaint. The deed of assignment involved is that considered in *Mackellar* v. *Pillsbury,* 48 Minn. 396, (51 N. W. Rep. 222,) this court there holding that the instrument could not be amended and reformed on the *ex parte* application of the assignor and assignee to the District Court, so as to conform in its provisions to their alleged intention, when the trust was created by the one, and accepted by the other. The plaintiff is the assignor, Cottrell, while the defendants are the assignee, Booth, and, it is alleged, all of Cottrell's creditors. The effort is now being made, by means of this action,—as it was upon the *ex parte* application before mentioned,—to amend and reform the deed by inserting a clause requiring all creditors to file releases of their claims in order to participate in dividends, thus to convert a common-law assignment for the benefit of creditors, as regulated by Laws 1876, ch. 44, into an assignment under the insolvency act, Laws 1881, ch. 148, as amended.

From the complaint it appears that the assignment was made, and the assignee had entered upon the discharge of his duties, more than two and a half years prior to the bringing of this action. It is alleged that it was the intention and agreement of the plaintiff assignor to make, and the intention and agreement of the defendant assignee to accept, a deed of assignment of all of plaintiff's property not exempt from execution for the benefit of all of his *bona fide* creditors who would file releases of their claims against him, as pro-

vided by chapter 148, *supra*, and amendments thereto; that the deed was made by plaintiff, and accepted by the assignee defendant, in the belief that it contained a clause requiring the filing of such releases as a condition to participation in its benefits, and that the clause was accidentally, and through mistake, omitted from the deed. The mistake is shown to have been mutual on the part of the assignor and assignee. All of the creditors named as defendants, save one, had filed their claims with the assignee, and were demanding a distribution of the assets in his hands,—about $10,000 in money,—before this action was commenced.

Counsel for appellant insists upon treating the deed of assignment, for the purposes of reformation, on the ground of mutuality of mistake, as if it were an ordinary conveyance of real property. Taking him upon his own ground, and avoiding any expression of opinion as to whether the mistake can be regarded as mutual, it having been made by the assignor and assignee solely, or whether, under any circumstances, a deed of assignment may be corrected so as to conform to the intention of the immediate parties thereto, it is apparent that, to obtain a decree correcting and reforming the one now under consideration, it should be shown that the beneficiaries of the trust can be placed *in statu quo*, or at least that their rights will not be seriously affected, in case of its reformation. If this does not appear, the relief sought for should be denied. The deed had been executed, and the assignee had been discharging his duties more than thirty months, when this suit was commenced. Rights which belonged to the creditors at the inception of the trust proceedings have long ago been lost to them. All of the acts of the assignee have been performed under, and governed by, the law pertaining to an assignment at common law, as such assignment has been regulated by the statute of 1876. Valuable powers and privileges conferred upon an assignee by the insolvency act of 1881, to be freely used for the benefit of creditors, are now gone, and it was one of these—the right to attack the validity of a sale of property by the assignor in contemplation of insolvency, and with a view of giving a forbidden preference to one of his creditors—which the assignee unsuccessfully attempted to assert in the *Mackellar* Case. His right or power to maintain that action on one of the grounds chosen was denied because he was not an assignee under the statute

last referred to. The creditors who have filed their claims have done so under the assumption that the assignment was at common law, as modified and regulated by the act of 1876; and, while it is not alleged in the complaint, it is fairly inferable therefrom that the assignee has reduced the entire estate to cash, and has executed the trust, except as to a distribution of the money among those who have shown themselves entitled to it. The interested parties—the beneficiaries of the trust—have relied upon the assignment as made, and could not assume or be restored to their original *status*. For this, if for no other reason, the deed should not be corrected or reformed. Nor could the deed of assignment be treated as a pleading in a civil action, and amended by motion.

Order affirmed.

VANDERBURGH, J., absent, took no part.

(Opinion published 54 N. W. Rep. 1111.)