NORTHERN STATES POWER COMPANY v.
LYDIA E. FRANKLIN AND OTHERS.
SCHMIDT INVESTMENT COMPANY, INC., APPELLANT.

122 N. W. (2d) 26.

May 17, 1963—No. 38,728.

*Dorfman & Rudquist* and *Howard S. Marker,* for appellant.

*Comaford, Fassett, Clarkson & Lewis* and *David W. Lewis,* for respondent Northern States Power Company.

*Bruce James,* for respondents Franklin.

ROGOSHESKE, JUSTICE.

Appeal from an order dismissing alternative counterclaims asserted by defendant Schmidt Investment Company, Inc., hereinafter designated defendant. The order resulted from a motion by plaintiff pursuant to Rule 12.02(5), Rules of Civil Procedure.

The sole issue raised by the appeal is whether the allegations of defendant's counterclaims were sufficient to withstand a motion for dismissal on the ground that each failed to state a claim upon which relief could be granted.

Defendant's pleadings were in response to plaintiff's complaint which alleged that on July 18, 1951, Lydia E. Franklin and Loren V. Franklin, her husband, granted and sold to plaintiff an easement over approximately a quarter section of land owned by Lydia for the purpose of constructing and maintaining an electric transmission line. The deed of easement was prepared by plaintiff and filed for record on February 20, 1952. Pursuant to the right of easement granted, plaintiff, on February

15, 1952, constructed, and has ever since possessed and maintained, an electric transmission line over an area it alleges was understood by both the grantors and grantee to be described in the easement. This line consisted of two steel towers supporting three conductor wires and two shield wires.

On January 2, 1959, defendants Franklin entered into a contract for sale of their tract with defendant. Subsequently, in 1961, plaintiff discovered that the description of the centerline contained in the deed of easement varied from the location upon which the transmission line was constructed. The description of the land granted by the easement included a strip of land 250 feet wide on either side of a centerline which began at a point 545 feet south of the northeast corner of the quarter section, thence running southwesterly across the section to a point 775 feet *west* of the southwest corner of the quarter section. The complaint alleged that the word "west" in the description was used by mistake and that the parties intended that the terminus of the line be at a point 775 feet *east* of the southwest corner. It is apparent that if the description of the recorded easement were followed the west terminus of the line would have been located outside the quarter section described in the deed of easement. The complaint alleged that this error was made by the scrivener and was a mutual mistake by the plaintiff and defendants Franklin, and that the interest transferred to defendant Schmidt was acquired with full knowledge and notice of plaintiff's right of easement. Plaintiff prayed for a reformation of the instrument upon the ground of mutual mistake.

Both defendants Franklin and defendant Schmidt filed an answer denying plaintiff's complaint. Defendant Schmidt's answer alleged that the easement obtained by plaintiff was never memorialized on the certificate of title covering the land, that the mistake, if made, was unilateral, and that its purchase was without notice of the rights of plaintiff. In addition, defendant interposed alternative counterclaims against plaintiff. The first alleged that the transmission line constitutes a nuisance and a trespass upon its property, for which it sought a permanent injunction requiring plaintiff to remove said line or damages in the sum of $50,000. In the second, defendant alleged that "[i]f it

should be determined that plaintiff is entitled to reformation of the deed of easement," plaintiff was negligent in preparing said deed of easement and, as a result of said negligence, the defendant has been damaged to the extent of a diminution of $50,000 in the value of the property.

When issue was thus joined, plaintiff filed a motion to dismiss the counterclaims upon the ground that each failed to state a claim against plaintiff upon which relief could be granted. The trial court granted dismissal, reasoning that defendant's allegations admitting the existence of the transmission line upon the land since February 1952 necessarily admit that consent had been given for the original entry and no trespass could result even though the line was not constructed in accordance with the easement. The court's dismissal of the counterclaim based upon negligence was likewise founded upon the fact that the transmission line existed and was visible when defendant acquired its interest in the land, constituting notice of the rights of plaintiff. Defendant contends that the trial court erred in dismissing the counterclaims essentially because factual determinations were made and the court had no authority to do so when considering a motion to dismiss under Rule 12.02.

■ When plaintiff's motion to dismiss was heard, neither party presented any matter outside the pleadings to enable the court to treat the motion as one for summary judgment, as the language of Rule 12.02 expressly invites and authorizes. Under such circumstances, a motion to dismiss based on Rule 12.02(5) serves an extremely limited function. The only factual information presented is that which is disclosed by the pleadings as a whole. One of the fundamental changes intended by the adoption of our Rules of Civil Procedure, particularly as embodied in Rule 8, was to permit the pleading of events by way of a broad general statement which may express conclusions rather than, as was required under code pleading, by a statement of facts sufficient to constitute a cause of action. The functions of a pleading today are simply to give fair notice to the adverse party of the incident giving rise to the suit with sufficient clarity to disclose the pleader's theory upon which his claim for relief is based, to permit the application of the doctrine of res judicata, and to determine whether the case must be tried by the jury or the court. Roberge v. Cambridge Co-op. Creamery Co. 243 Minn. 230,

67 N. W. (2d) 400; Royal Realty Co. v. Levin, 244 Minn. 288, 69 N. W. (2d) 667; Wright, Minnesota Rules, p. 45.[1] No longer is a pleader required to allege facts and every element of a cause of action. A claim is sufficient against a motion to dismiss based on Rule 12.02(5) if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded. To state it another way, under this rule a pleading will be dismissed only if it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the relief demanded.[2] Addressing ourselves to the sufficiency of defendant's counterclaims under Rule 8, we are thus required to do little more than engage in an exercise in theoretical logic.

■ In its alternative counterclaim, asserted *if reformation is granted,* defendant alleged that plaintiff was negligent in preparing the deed of easement and defendant is entitled to damages caused by such negligence. We have no difficulty in upholding the trial court's dismissal of this claim. However, our basis for dismissal is that this pleading is intrinsically inconsistent. Any evidence which might be introduced to support liability for negligence would defeat reformation. Negligence is a defense to reformation where it adversely affects the rights of a bona fide purchaser without notice.[3] If reformation is granted, the court necessarily must find either that plaintiff was not negligent or that defendant was not a bona fide purchaser without notice to whom plaintiff owed a duty of due care. Thus, if it grants reformation, the court will have to find adversely on the very evidence required to be introduced in support of the claim of negligence asserted by defendant. Hence, no

[1] Dennis v. Village of Tonka Bay (8 Cir.) 151 F. (2d) 411; 1 Youngquist & Blacik, Minnesota Rules Practice, p. 192, and 1962 Supp. p. 48; Wright, Minnesota Rules, p. 46, and Supp. p. 11. See cases on the identical Federal rule collected in 4 Cyc. of Federal Procedure (3 ed.) §§ 14.151 to 14.187.

[2] First Nat. Bank v. Olson, 246 Minn. 28, 74 N. W. (2d) 123.

[3] Aldrich v. Wilson, 265 Minn. 150, 120 N. W. (2d) 849; Abramson v. Nelson, 263 Minn. 308, 116 N. W. (2d) 405; Fritz v. Fritz, 94 Minn. 264, 102 N. W. 705; accord, Cottrell v. Citizens' Sav. Bank, 53 Minn. 201, 54 N. W. 1111.

possible facts consistent with the pleadings could be introduced which would entitle defendant to any relief on that claim.

We are compelled to agree that defendant may theoretically be entitled to relief upon its allegations of trespass. Under the structures applicable to a consideration of the motion before us, a court is not permitted to go outside the pleadings, and all assumptions made and inferences drawn therefrom must favor the party against whom dismissal is sought. Therefore, at the outset, we assume that reformation will be denied. Although the file does not contain any answer by defendants Franklin, we infer from their resistance to plaintiff's claim that they deny consenting to the actual location of the transmission line. Defendant Schmidt's answer and counterclaim clearly denies consent to its continued location and maintenance upon the land. While it is difficult indeed to believe that the owner and subsequent purchaser could introduce evidence consistent with these denials—when the likely appearance of the structure is visualized—we must suffer our obedience to the applicable rules. If reformation is denied, it is obvious that maintenance of the transmission line and its component parts as presently located is unauthorized by the deed of easement and its continuance is wrongful and constitutes a trespass unless we must conclude from the pleadings that defendants have consented to plaintiff's entry, construction, and continued maintenance of the structures upon the land.

In a trespass action, consent to enter upon a particular part of the land of an owner does not supply consent to trespass upon any other part of such land. Wrongful conduct following an authorized entry upon the land can result in a trespass.[4] Moreover, although consent may be implied from the conduct of the parties, silence alone does not support an inference of consent.[5] It follows that we must conclude that the allegations theoretically raise an issue of fact regarding consent which cannot be disposed of upon a motion testing the sufficiency of the pleadings.

Citing Ziebarth v. Nye, 42 Minn. 541, 44 N. W. 1027, plaintiff argues

---

[4]State v. Brooks-Scanlon Lbr. Co. 128 Minn. 300, 150 N. W. 912.
[5]Leber v. Minneapolis & Northwestern Ry. Co. 29 Minn. 256, 13 N. W. 31.

that, assuming the absence of express or implied consent, defendant cannot maintain trespass because it was not in possession when the trespass was complete. However, from the facts disclosed by the pleadings, we are not justified in regarding the erection of the structures as a single completed trespass. Defendant, by alleging a demand for removal of the structures, consents to an entry upon the land for that purpose. In view of such consent the failure to remove the structures, rather than the original entry, characterizes the wrong and supports defendant's theory of a continuing trespass or a nuisance. Where a structure is erected[6] or junk is stored[7] and the harmful effect is "one that may be abated or discontinued at any time,"[8] there is "a continuing wrong so long as the offending object remains,"[9] and the courts regard such as a continuing trespass. A vendee in possession may recover damages or abate such a continuing trespass[10] and the statute of limitations does not run from the initial trespass.[11] The problem of whether the trespass is continuing, or a single permanent trespass as plaintiff contends, depends on the character of the invasion and the structures erected; and this problem, as well as the problem of the measure of damages to be applied, is essentially one of proof. Ziebarth v. Nye, *supra*. These problems cannot be reached or resolved short of a motion for summary judgment or a trial.[12]

Finally, relying on Roberts v. N. P. R. Co. 158 U. S. 1, 15 S. Ct. 756, 39 L. ed. 873, plaintiff contends dismissal should be upheld because it possesses the power of eminent domain and was acting in good faith and defendant therefore is estopped to maintain an action for trespass since defendant's vendors knew of the entry, and they and defendant also knew of the existence and the expensive, important nature of the structures erected in the furtherance of plaintiff's duty to the public,

---

[6]Bowers v. Mississippi & Rum River Boom Co. 78 Minn. 398, 81 N. W. 208.

[7]Schrunk v. Andres, 221 Minn. 465, 22 N. W. (2d) 548.

[8]Worden v. Bielenberg, 119 Minn. 330, 332, 138 N. W. 314, 315.

[9]Prosser, Torts (2 ed.) § 13, p. 63.

[10]20 Dunnell, Dig. (3 ed.) § 10045.

[11]87 C. J. S., Trespass, § 71.

[12]See, Restatement, Torts, § 161.

as well as the consequences of removal upon its electric transmission system, and with such knowledge, failed to make timely objection before the work was completed. The rule of the Roberts case might be applicable and defeat defendant's counterclaim if all of the assumptions were supported by the record. Clearly, the pleadings provide no basis to make any of the assumptions; therefore, the factual foundation necessary for application of the rule is nonexistent.

For the foregoing reasons the order dismissing defendant's counterclaim alleging trespass must be reversed.

Affirmed in part and reversed in part.