*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1874**


Grace Louise Hollingsworth,
Appellant,

vs.

State of Minnesota, et al.,
Respondents.


**Filed August 17, 2015
Affirmed
Hudson, Judge**


Polk County District Court
File No. 60-CV-13-1886

David J. Chapman, D.J. Chapman Law, Fargo, North Dakota (for appellant)

Kathryn M. Woodruff, Assistant Attorney General, St. Paul, Minnesota (for respondents)


Considered and decided by Worke, Presiding Judge; Hudson, Judge; and Chutich, Judge.

### UNPUBLISHED OPINION

**HUDSON**, Judge

Appellant challenges the dismissal of her negligence and due-process claims, arguing that she is entitled to damages because respondents' failure to comply with

federal regulations caused her arrest and detention.  Appellant asserts that the district court erred by (1) dismissing her complaint because she asserted a state common-law tort claim, and (2) concluding that appellant had no liberty or property interest in the enforcement of federal student-entry immigration regulations.  Because the federal immigration regulatory scheme creates no duty for respondents and provides no protected due-process interest, we affirm.

## FACTS

On July 11, 2011, appellant Grace Louise Hollingsworth, an Australian citizen, received an F-1 student visa to attend respondent Northland Community and Technical College (NCTC) in East Grand Forks.  NCTC employee respondent Patrick Amiot utilized the Student Entry Visitor Information System (SEVIS)[1] to issue an I-20 form[2] to appellant on June 13, 2011.  An I-20 must specify a date, no earlier than 30 days prior to the start of classes, by which a student is expected to report to the school.  Amiot erroneously listed appellant's report date as the day her I-20 issued, a date more than 60 days before NCTC's classes began.  SEVIS automatically cancels a student's I-20 if the system is not updated to show that the student registered for classes within 60 days of the report date.  Appellant entered the United States in early August, and on August 13,

_____

[1] SEVIS is a web-based system used by the Department of Homeland Security to maintain information on Student and Exchange Visitor Program (SEVP)-certified schools and the students with F visas attending these schools in the United States.  *SEVIS Overview* U.S. Immigration and Customs Enforcement, http://www.ice.gov/sevis/overview (last visited July 28, 2015).

[2] An I-20 is a Certificate of Eligibility for Nonimmigrant Student Status.

2011, 60 days after appellant's incorrectly listed report date, SEVIS automatically cancelled her I-20.

On August 15, 2011, appellant took NCTC's assessment exam but did not score high enough in mathematics to enroll in her intended program. She was directed to remedial adult education courses, which do not qualify a student for an F-1 visa.

On September 15, 2011, appellant was arrested by U.S. Immigration and Customs Enforcement and charged with being deportable because she failed to maintain her F-1 student status. On September 20, 2011, Amiot e-mailed appellant's mother, stating that he had cancelled appellant's I-20 because she had not registered for classes at NCTC, but admitting that she appeared for her assessment exam two days after her I-20 was automatically cancelled by SEVIS. After being held in county jails for over three weeks, appellant was released from custody on October 11, 2011. Appellant worked with another NCTC staff member, and her F-1 status was reinstated on April 9, 2012, and deportation proceedings were subsequently terminated.

Appellant sued the State of Minnesota, Minnesota State Colleges and Universities (MnSCU), NCTC, and Amiot (collectively respondents) for: (1) negligence; (2) negligence of Amiot and NCTC in recordkeeping and failure to properly update recordkeeping; (3) "negligence and vicarious liability for negligent conduct of an employee"; (4) violation of 42 U.S.C. § 1983 through denial of due process by incorrect information entry; and (5) "violation of 42 U.S.C. § 1983 for denial of due process through failure to act and notify the U.S. government of [Amiot's] errors in the SEVIS system and by taking actions which diverted the plaintiff's mother's suspicion of error."

3

Appellant requested monetary damages from respondent entities and from Amiot in both his official and individual capacities.

Respondents moved to dismiss appellant's complaint with prejudice for failure to state a claim upon which relief could be granted. After a hearing, the district court granted respondents' motion in its entirety, concluding that (1) the SEVIS regulations did not create a private right of action, so they did not create a duty of care, (2) appellant could not show a liberty or property interest in the enforcement of the SEVIS regulations, and (3) appellant did not show any other statutory or common-law cause of action that could provide grounds for relief. This appeal follows.

## D E C I S I O N

## I

Hollingsworth argues that the district court erred by granting respondents' motion to dismiss her complaint under Minn. R. Civ. P. 12.02(e) for failure to state a claim upon which relief may be granted because she has a claim for damages under Minnesota common law. We review de novo whether a complaint provides a legally sufficient claim for relief, accepting the alleged facts as true and construing all reasonable inferences in favor of the nonmoving party. *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 606 (Minn. 2014).

> A claim is sufficient to survive a motion to dismiss "if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded." But a legal conclusion in the complaint does not bind us, and a plaintiff must provide more than mere labels and conclusions.

4

*Graphic Commc'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 850

N.W.2d 682, 692 (Minn. 2014) (quoting *N. States Power Co. v. Franklin*, 265 Minn. 391,

395, 122 N.W.2d 26, 29 (1963)) (other citations omitted).

Immigration and Nationality Act (INA) statutes define a nonimmigrant student as

> an alien having a residence in a foreign country which he has
> no intention of abandoning, who is a bona fide student
> qualified to pursue a full course of study and who seeks to
> enter the United States temporarily and solely for the purpose
> of pursuing such a course of study . . . at an established
> [educational institution] . . . approved by the Attorney
> General . . . which institution or place of study shall have
> agreed to report to the Attorney General the termination of
> attendance of each nonimmigrant student, and if any such
> institution of learning or place of study fails to make reports
> promptly the approval shall be withdrawn.

8 U.S.C. § 1101(a)(15)(F)(i) (2012). Respondents contend that the INA statutory scheme

does not create a private right of action because it merely defines a class of nonimmigrant

students and therefore creates no tort liability. We agree. The consequence for a

school's failure to follow INA provisions does not provide nonimmigrant students with a

remedy; rather, it results in the withdrawal of government approval for the school's

participation in the student and exchange visitor program.

Although Hollingsworth asserts that she has a common-law tort claim, all her

theories are rooted in respondents' failure to follow SEVIS regulations. A statute creates

a private right only if Congress intended to create a federal right and the statute's text is

phrased in terms of the person benefited. *Gonzaga v. Doe*, 536 U.S. 273, 273, 122 S. Ct.

2268, 2270 (2002) (holding that a student was not entitled to damages under the Family

Educational Rights and Privacy Act of 1974 (FERPA) because FERPA provisions

created no personal rights to enforce). It would be inconsistent to hold that no private cause of action arises from a violation of SEVIS regulations and then allow Hollingsworth to proceed on a state-law negligence theory based on an alleged violation of those same regulations. To do so would effectively create a private cause of action. *See Glass Serv. Co. v. State Farm, Mut. Auto Ins. Co.*, 530 N.W.2d 867, 872 (noting that, although appellant maintained it was not asserting a claim for a statutory violation, it was attempting to use the alleged violation to establish an element of its common-law claim), *review denied* (Minn. June 29, 1995).

Hollingsworth argues that the *Gonzaga* approach is outdated, citing a recent case from the Eleventh Circuit Court of Appeals. In *Kurapati v. U.S. Bureau of Citizenship & Immigration Servs.* (USCIS), appellants argued that the district court had subject-matter jurisdiction over their challenge to USCIS's revocation of their I-140 employment visa petitions because appellants were the beneficiaries of—and not the petitioners for—portable employment visas. 775 F.3d 1255, 1258-60 (11th Cir. 2014). The district court found that appellants lacked standing because the applicable regulation specifically excluded immigrant beneficiaries from having standing to challenge I-140 visa petition revocations. *Id.* But the court of appeals held that the regulatory definition of "affected party" did not preclude appellants from having standing in district court because the definition was not "a binding statement of constitutional standing." *Id.* at 1260. The court then applied a zone-of-interests test, concluding that appellants were in the zone of interests because they, and not their employer, received the visas and benefitted from their portability. *Id.* at 1261.

Hollingsworth asserts that she is entitled to relief because she is within the "zone of interest" contemplated by the INA. But *Kurapati* is distinguishable: there the claim was against USCIS, not the appellants' employers, for improper revocation of visas. Here, Hollingsworth is suing for damages and is not seeking to reinstate her F-1 visa. Hollingsworth cannot escape the fact that she is advocating for a claim based on respondents' failure to follow SEVIS regulations. Even assuming that Hollingsworth is within the zone-of-interests of the SEVIS regulations because she has a personal interest in her F-1 visa, Hollingsworth has not demonstrated what common-law right this gives her to sue for monetary damages in state court.

Respondents further assert that Hollingsworth does not have a private claim against them because SEVIS regulations only affect the process by which schools gain and lose government approval for attendance by non-immigrant students. We agree. "[R]egulations alone cannot create private rights of action; the source of the right must be a statute." *Buck v. Am. Airlines, Inc.*, 476 F.3d 29, 33 (1st Cir. 2007) (citing *Alexander v. Sandoval*, 532 U.S. 275, 275, 121 S. Ct. 1511, 1513 (2001) (holding that a driver's license examinee did not have a private right of action to enforce disparate-impact regulations against rules that only impacted non-English speakers)).

Hollingsworth next argues that her "right to be free from arbitrary arrest and detention" was violated and that this gives rise to a claim against respondents for negligent data entry into SEVIS. She admits that the duty to enter data is between the school and the government, but asserts that respondents also had a legal duty of care to her because of their special relationship with her.

7

Minnesota has adopted section 315 of the Restatement of Torts (Second) on common-law duty, which states that a person does not have a duty "'to control the conduct of a third person as to prevent him from causing physical harm to another unless . . . a special relation exists between the actor and the other which gives to the other a right to protection.'" *Cracraft v. City of St. Louis Park*, 279 N.W.2d 801, 804 (Minn. 1979) (quoting Restatement (Second) of Torts § 315 (1965)). We review de novo whether there was a duty of care in a negligence action. *Domagala v. Rolland*, 805 N.W.2d 14, 22 (Minn. 2011). Hollingsworth concedes that schools generally do not owe a duty of care *in loco parentis* to protect students, instead arguing that, because she was a foreign student, there was a special relationship given the "almost absolute power" respondents had over her. But Hollingsworth provides no authority for the proposition that schools owe a greater duty of care to foreign students. While NCTC was responsible for maintaining the SEVIS database and Hollingsworth required admission to NCTC to obtain her visa, this alone does not create a special duty of care.

Because we conclude that respondents owed Hollingsworth no duty to properly maintain the SEVIS database, Hollingsworth's negligence claim fails.

**II**

Hollingsworth argues that her right to due process under 42 U.S.C. § 1983 (2012) was violated by her arrest and detention. Specifically, she argues that Amiot's e-mail to her mother, stating that he had cancelled her visa when in reality it had been automatically cancelled due to the data-entry error, caused prolonged detention.

8

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A party must assert the violation of a federal right, not merely a federal law, to maintain a section-1983 claim. *Blessing v. Freestone*, 520 U.S. 329, 340-41, 117 S. Ct. 1353, 1359 (1997). Courts examine three factors to determine whether a statute gives rise to a federal right: (1) Congress's intent that the statutory provision benefit the plaintiff; (2) whether the plaintiff demonstrated that the right is "not so vague and amorphous that its enforcement would strain judicial competence"; and (3) whether the statute "unambiguously imposes a binding obligation on the States." *Id.* (quotation and citations omitted).

In *Bakhtiari v. Beyer*, the federal district court held that SEVIS regulations only define a class of immigrants and do not benefit a class of immigrants. No. 4:06-CV-01489, 2008 WL 3200820 at *3 (E.D. Mo. 2008). Therefore, the *Bakhtiari* plaintiff had no section-1983 claim because SEVIS regulations did not give rise to a federal right. We acknowledge that *Bakhtiari* is not binding upon this court, but its reasoning is persuasive: SEVIS regulations prescribe conduct for schools to maintain government approval for attendance by nonimmigrant students, and the consequences of failing to follow the regulations are that the school loses its ability to participate in SEVP. The regulations do not provide to any clear right of enforcement to a nonimmigrant student, and we conclude that the SEVIS regulations do not provide Hollingsworth a section-1983 claim.

9

## III

Hollingsworth finally argues that, contrary to respondents' assertions, the State of Minnesota is a proper party to the matter. Because we affirm the district court's dismissal of this matter with prejudice, we need not reach this issue.

**Affirmed.**