*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A16-0070**

Marisa Hunt,
Appellant,

vs.

State of Minnesota,
Respondent,

American Federation of State, County, and
Municipal Employees - Minnesota Council 5, Defendant

**Filed July 5, 2016**
**Affirmed**
**Smith, Tracy M., Judge**

Ramsey County District Court
File No. 62-CV-15-1451

Steven E. Uhr, Law Office of Steven E. Uhr, PLLC, Eden Prairie, Minnesota (for appellant)

Lori Swanson, Attorney General, Thomas S. Madison, Assistant Attorney General, St. Paul, Minnesota (for respondent)

    Considered and decided by Worke, Presiding Judge; Schellhas, Judge; and Smith, Tracy M., Judge.

UNPUBLISHED OPINION

**SMITH, TRACY M.**, Judge

Appellant Marisa Hunt appeals the dismissal of her breach-of-contract claim for failure to state a claim upon which relief can be granted. Because the district court did not err in concluding that Hunt's complaint is insufficient as a matter of law, we affirm.

## FACTS[1]

Hunt worked for the MinnesotaCare Program at the State of Minnesota, Department of Human Services (DHS) until she was discharged from employment on October 28, 2011. Hunt was a member of the American Federation of State, County, and Municipal Employees (AFSCME), which timely challenged Hunt's termination from employment.

Before arbitration, the parties resolved the grievance and entered into a settlement and release dated January 27, 2012. The January 2012 agreement required Hunt to submit a letter of resignation from employment, effective November 1, 2011, and required respondent State of Minnesota to remove all documentation regarding Hunt's termination from her personnel file. The agreement also contained a clause stating that the "Settlement and Release represents the total agreement between the parties and final and complete resolution of the aforementioned grievances." Hunt signed the January 2012 agreement, as did AFSCME's business representative and its local president, and a MinnesotaCare manager on behalf of the state.

---

[1] The following "facts" are taken from Hunt's complaint and are presumed to be true for purposes of this appeal.

The state and AFSCME entered into a second agreement dated December 21, 2012. Among other terms, the December 2012 agreement required Hunt "to neither seek nor accept any future employment with the State of Minnesota" for a period of ten years from the date of her resignation. Again, AFSCME's business representative and local president signed the agreement, as did the MinnesotaCare manager and DHS's deputy human-resources director. Hunt did not sign the December 2012 agreement, but AFSCME's business representative signed his name on Hunt's signature line, indicating that he was signing "for" Hunt.

Beginning in July 2013, Hunt applied for approximately six positions with the state. The state did not acknowledge receipt of her applications and did not communicate with Hunt until sending her a letter in January 2015. The letter informed Hunt that, under the December 2012 agreement, she was prohibited from seeking employment with the state until October 31, 2021. The letter further stated that Hunt's applications were rejected in accordance with the December 2012 agreement and that future applications would also be rejected.

Hunt sued the state for breach of contract and AFSCME for violation of the duty of fair representation. As the basis of her breach-of-contract claim, Hunt alleged that the January 2012 agreement constituted a binding contract, that the state breached the contract by refusing her employment applications, and that, but for the state's breach, she likely would have obtained employment. Hunt also alleged that a DHS human-resources employee told her that the January 2012 agreement "did not preclude her from seeking future employment with the State of Minnesota."

3

The state moved to dismiss Hunt's breach-of-contract claim for failure to state a claim upon which relief can be granted. *See* Minn. R. Civ. P. 12.02(e). The district court granted the state's motion to dismiss. The district court reasoned that, even assuming the January 2012 agreement is an enforceable contract, nothing in the agreement obligates the state to consider Hunt's job applications or offer her employment. Therefore, the district court concluded that "it appears to a certainty that [Hunt] would be entitled to no relief under any statement of facts which could be proved in support of her claim against the [state]."[2]

Hunt appeals.

## D E C I S I O N

## I.

Hunt argues that the district court erred when it dismissed her breach-of-contract claim. A party may assert by motion the defense of "failure to state a claim upon which relief can be granted." Minn. R. Civ. P. 12.02(e). "A claim is sufficient against a motion to dismiss for failure to state a claim if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 603 (Minn. 2014). "To state it another way, under this rule a pleading will be dismissed only if it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the

---

[2] Hunt and AFSCME stipulated to the dismissal of Hunt's claim against AFSCME, and the district court ordered dismissal with prejudice on November 30, 2015.

relief demanded." *N. States Power Co. v. Franklin*, 265 Minn. 391, 395, 122 N.W.2d 26, 29 (1963).

On appeal from a dismissal under rule 12.02(e), we review the legal sufficiency of the claim de novo. *Graphic Commc'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 850 N.W.2d 682, 692 (Minn. 2014). In reviewing the sufficiency of a complaint, "[w]e accept the facts alleged in the complaint as true and construe all reasonable inferences in favor of the nonmoving party." *Walsh*, 851 N.W.2d at 606. "We are not bound by legal conclusions stated in a complaint when determining whether the complaint survives a motion to dismiss for failure to state a claim." *Hebert v. City of Fifty Lakes*, 744 N.W.2d 226, 235 (Minn. 2008). When a contract is "central to the claims alleged" and is embraced by the complaint, we may consider the entire written contract. *In re Hennepin Cty. 1986 Recycling Bond Litig.*, 540 N.W.2d 494, 497 (Minn. 1995).

### *Motion to Dismiss or Summary Judgment*

Hunt contends that our review should be of a grant of summary judgment and not of a motion to dismiss. "Rule 12.02 provides that [a motion to dismiss for failure to state a claim] shall be treated as a motion for summary judgment and disposed of as provided in Rule 56 if matters outside the pleadings are submitted to the district court for consideration and not excluded." *N. States Power Co. v. Minn. Metro. Council*, 684 N.W.2d 485, 490 (Minn. 2004); *see* Minn. R. Civ. P. 12.02. But a "[district] court may consider documents referenced in a *complaint* without converting the motion to dismiss to one for summary judgment." *N. States Power Co.*, 684 N.W.2d at 490.

The parties submitted a number of documents with their motion papers, but the district court confined its analysis to the January 2012 agreement, on which Hunt based her breach-of-contract claim against the state and which she referenced in her complaint. We disagree with Hunt's assertion that rule 56.03 applies and confine our review to the rule 12.02 standard employed by the district court. *See id.*

***Breach of Contract—January 2012 Agreement***

Hunt argues that the district court erred when it dismissed her claim for breach of contract based on the January 2012 agreement. The district court determined that Hunt would not be entitled to relief under any conceivable set of facts because, even assuming the January 2012 agreement is an enforceable contract, it does not obligate the state to consider Hunt for future employment.

To establish a breach-of-contract claim, a plaintiff must prove three elements: "(1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant." *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011). A contract is breached when one party fails to perform, without legal justification, a substantial part of the contract. *Estate of Riedel v. Life Care Ret. Cmtys., Inc.*, 505 N.W.2d 78, 81 (Minn. App. 1993).

Hunt contends that the state breached the January 2012 agreement when it rejected her employment applications without consideration because the "parties intended that the January 2012 agreement would not bar Hunt from future state employment." Hunt's argument raises an issue of contract interpretation, which we review de novo. *Travertine*

6

*Corp. v. Lexington-Silverwood*, 683 N.W.2d 267, 271 (Minn. 2004). "Where there is a written instrument, the intent of the parties is determined from the plain language of the instrument itself." *Id.* Ambiguity exists only if the contract's terms are susceptible to more than one reasonable interpretation. *Metro. Sports Facilities Comm'n v. Gen. Mills, Inc.*, 470 N.W.2d 118, 123 (Minn. 1991). If the contract is "clear and unambiguous, courts should not rewrite, modify, or limit its effect by a strained construction." *Travertine Corp.*, 683 N.W.2d at 271.

We discern no ambiguity in the January 2012 agreement, and the agreement's plain language evidences no intent to contractually obligate the state to consider Hunt's future employment applications. Paragraph 1 requires Hunt to provide a written resignation prior to the agreement's execution. Paragraph 2 obligates the state to remove all termination documentation from Hunt's personnel file. Paragraph 3 states that the agreement is to be a release of all claims that the parties may have against each other. Paragraph 4 states that the agreement is not an admission of liability by the employer. Paragraph 5 states that the agreement is not precedent setting. Paragraph 6, the final clause, states that the agreement "represents the total agreement between the parties and final and complete resolution of the aforementioned grievances." We agree with the district court's conclusion that "[n]othing about the January 2012 Agreement obligates the State to accept or consider [Hunt's] application."

Hunt also contends that an alleged oral statement by a DHS human-resources employee that the January 2012 agreement would not prevent her from seeking

7

employment precludes dismissing her claim at the pleading stage.[3]  Specifically, Hunt contends that this parol evidence may be used to interpret or add a consistent additional term to the January 2012 agreement.  We disagree.

The parol-evidence rule

> prohibits the admission of extrinsic evidence of prior or contemporaneous oral agreements, or prior written agreements, to explain the meaning of a contract when the parties have reduced their agreement to an unambiguous integrated writing.  Accordingly, when parties reduce their agreement to writing, parol evidence is ordinarily inadmissible to vary, contradict, or alter the written agreement.

*Danielson v. Danielson*, 721 N.W.2d 335, 338 (Minn. App. 2006) (quotation omitted).  The January 2012 agreement was reduced to writing.  The written agreement states that it "represents the total agreement between the parties and final and complete resolution of the aforementioned grievances."  The January 2012 agreement is unambiguous, and nothing in Hunt's pleadings or the agreement suggests that it is incomplete.  Even assuming the allegation of the statement by the human-resources employee is true, it may not be used to "vary . . . or alter the [integrated] written agreement."  *See id.*; *see also Alpha Real Estate Co. of Rochester v. Delta Dental Plan of Minn.*, 664 N.W.2d 303, 313

---

[3] In addition to this statement, Hunt cites to a number of matters extrinsic to the complaint including (1) the state's "regular practice" of negotiating grievance settlements with explicit employment bans, (2) discussions between the state and AFSCME about a possible future employment ban, (3) the state's "repudiation" of the January 2012 agreement (presumably with the December 2012 agreement) because it did not contain an employment ban, and (4) the state's acknowledgment that the January 2012 and December 2012 agreements are "materially different."  But this is a review of a dismissal for failure to state a claim, not of summary judgment.  Accordingly, our review is limited to the complaint's factual allegations and the documents referenced therein.  *See N. States Power Co.*, 684 N.W.2d at 490.

(Minn. 2003) (refusing to consider parol evidence when the written agreement stated that it was the "entire agreement between the parties"). Consequently, the oral statement pleaded by Hunt does not preclude dismissal for failure to state a claim.

Accepting all of Hunt's factual allegations as true and drawing all reasonable inferences in her favor, we conclude that "it appears to a certainty that no facts, which could be introduced . . . exist which would support granting the relief demanded." *See N. States Power Co.*, 265 Minn. at 395, 122 N.W.2d at 29. The district court did not err in dismissing Hunt's breach-of-contract claim.

## II.

Hunt also argues that the district court's decision "lets the state act in an arbitrary and capricious manner." Hunt contends that the state "has an obligation and responsibility to treat similarly situated job applicants in a similar manner." This theory of relief was not presented to the district court in Hunt's amended complaint or in her memorandum of law opposing the state's motion to dismiss. Therefore, Hunt's arbitrary-and-capricious argument is not properly before this court. *See Toth v. Arason*, 722 N.W.2d 437, 443 (Minn. 2006) (stating that "a reviewing court generally may consider only those issues that the record shows were presented to and considered by the [district] court" (quotation omitted)).

**Affirmed.**