STATE OF MINNESOTA

IN SUPREME COURT

A22-0777

Court of Appeals

Stacy Demskie, et al.,

    Appellants,

vs.

U.S. Bank National Association,

    Respondent.

Anderson, J.
Took no part, Thissen, J.

Filed:  May 8, 2024
Office of Appellate Courts

———————————————

Joseph W. Anthony, Daniel R. Hall, Anthony Ostlund Louwagie Dressen & Boylan P.A., Minneapolis, Minnesota, for appellants.

Denise S. Rahne, Brendan V. Johnson, Timothy W. Billion, Robins Kaplan LLP, Minneapolis, Minnesota, for respondent.

Justin H. Perl, Mid-Minnesota Legal Aid, Minneapolis, Minnesota, for amicus curiae Mid-Minnesota Legal Aid.

Jeffrey M. Markowitz, Sequoia L. Butler, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, Minnesota, for amicus curiae Minnesota Defense Lawyers Association.

Katherine S. Barrett Wiik, Douglas D. Anderson, Saul Ewing LLP, Minneapolis, Minnesota, for amici curiae Professor Daniel S. Kleinberger and Serene Warren.

———————————————

1

S Y L L A B U S

1. Under the Minnesota notice pleading standard, the allegations in the complaint identifying U.S. Bank, N.A. as a shareholder and describing actions taken by U.S. Bank as facts supporting shareholder status were sufficient to survive a motion for judgment on the pleadings.

2. Because the court is evenly divided on whether beneficial owners of a closely held corporation may initiate an action for a buy-out of their interests under Minnesota Statutes section 302A.751 (2022), we affirm the decision of the court of appeals dismissing appellants' buy-out claim.

Affirmed in part, reversed in part, and remanded.

O P I N I O N

ANDERSON, Justice.

Appellants Stacy, Lue, and Michael Demskie are three co-beneficiaries of a trust established by John Demskie, the founder of Remote Technologies, Inc. (RTI). John Demskie's 90 percent ownership interest in RTI is the principal asset of the trust. After his death in 2016, appellants allege that respondent U.S. Bank, N.A. (U.S. Bank), the sole trustee, became the controlling shareholder of RTI and took actions that severely diminished the value of RTI and frustrated their reasonable expectations as owners of beneficial interests in RTI.

Appellants brought claims against U.S. Bank for breach of fiduciary duty and unfairly prejudicial conduct under the Minnesota Business Corporation Act, Minn. Stat. §§ 302A.001–.92 (2022), seeking damages and a buy-out of their interests in RTI. The

2

district court granted the motion of U.S. Bank for judgment on the pleadings. The court of appeals affirmed the dismissal of both claims. The court of appeals concluded that appellants did not plead sufficient facts to show that U.S. Bank was a shareholder of RTI, and therefore, U.S. Bank did not owe or breach any shareholder fiduciary duties to appellants. The court of appeals also concluded that appellants could not move for a buy-out of their beneficial interests in the corporation because that motion could only be made in an action initiated by a shareholder, and appellants had disavowed their own shareholder status.

Because we conclude that appellants sufficiently pleaded the shareholder status of U.S. Bank under our notice pleading standard, we reverse the dismissal of their breach-of-fiduciary-duty claim. But because the court is evenly divided on the issue of whether owners of beneficial interests in a corporation may, on their own, initiate an action for a buy-out of their interests under section 302A.751, we affirm the decision of the court of appeals dismissing their claim for buy-out relief. Accordingly, we affirm in part, reverse in part, and remand to the court of appeals for further proceedings.

**FACTS**

In an appeal from a judgment on the pleadings, we accept the allegations set forth in the complaint as true and construe all reasonable inferences in favor of appellants, as the nonmoving parties. *Abel v. Abbott Nw. Hosp.*, 947 N.W.2d 58, 68 (Minn. 2020). The facts stated here are drawn from the complaint.

3

John Demskie founded Remote Technologies, Inc., a closely held corporation, in 1992.[1] He passed away in 2016, leaving his 90 percent ownership interest in RTI in an irrevocable trust. The beneficiaries of this trust included Stacy, Lue, and Michael Demskie—John Demskie's sister, mother, and brother, respectively—along with a fourth beneficiary not involved in the action. John Demskie's will named U.S. Bank as the sole trustee. U.S. Bank also became special administrator of his probate estate. Most importantly, however, appellants allege that at this point, U.S. Bank became the controlling shareholder of RTI. It was in this role that the complaint alleges U.S. Bank engaged in a pattern of behavior that harmed the value of RTI, as well as breaching U.S. Bank's fiduciary duties to appellants and acting in a manner unfairly prejudicial to them.

For example, appellants allege that U.S. Bank charged excessive fees to RTI for consulting services, took over RTI's banking services, and delayed a sale of the business despite professional advice that delaying the sale would critically damage the value of the business. A precipitous decline in business value did occur; the business was valued at a minimum of $33.6 million in 2016 following John Demskie's death on U.S. Bank's estate tax return, but only 3½ years later, the business was effectively sold by U.S. Bank for $100,000, a 99.7 percent decrease in value. In addition, they allege U.S. Bank did not conduct a thorough valuation of the business before the heavily discounted disposition. Appellants also allege that U.S. Bank deprived them of information that they had a right to

---

[1] Remote Technologies, Inc., is a company specializing in audio-visual technology and audio-visual installations for residential and commercial clients.

receive under Minnesota Statutes section 302A.461, failed to distribute profits from RTI, and failed to disclose conflicts of interest.

In April 2017, U.S. Bank removed appellants from the board of directors, as well as terminated Stacy Demskie's employment, but U.S. Bank did not remove the remaining trust beneficiary, who was not a family member.

Appellants' complaint asserts two claims against U.S. Bank. First, they claim that U.S. Bank, as the "controlling shareholder" of RTI, breached fiduciary duties owed to them as owners of beneficial interests in RTI. Second, they claim that U.S. Bank "acted fraudulently, illegally and/or in a manner unfairly prejudicial toward" them and violated their reasonable expectations as owners of beneficial interests in RTI. They assert that they are entitled to relief under Minnesota Statutes sections 302A.751 and 302A.467, including damages and "a fair value buy-out" of their interests in RTI "at the time of the breaches of U.S. Bank's duties."

U.S. Bank moved for judgment on the pleadings under Minnesota Rule of Civil Procedure 12.03. U.S. Bank argued that appellants' shareholder claims fail on the pleadings because the complaint does not allege that appellants were "shareholders" as defined in the Minnesota Business Corporation Act. *See* Minn. Stat. § 302A.011, subd. 29 (defining "shareholder" as "a person registered on the books or records of a corporation or its transfer agent or registrar as the owner of whole or fractional shares of the corporation"). In addition, U.S. Bank argued that appellants' claims are premised on its status as the "controlling shareholder" of RTI; however, the complaint does not plead sufficient facts to establish that U.S. Bank was a shareholder under the statutory definition of "shareholder."

5

The district court granted U.S. Bank's motion for judgment on the pleadings on both claims, ruling that appellants cannot bring a shareholder action against U.S. Bank under the Minnesota Business Corporation Act because the allegations in the complaint are not sufficient to establish that either appellants or U.S. Bank were shareholders of RTI. The district court noted that appellants had conceded that "they are not registered as shareholders on RTI's corporate books and records" and instead relied on their status as owners of beneficial interests in the corporation. The district court determined, however, that "[o]nly those people who are registered on RTI's corporate record books or records can be shareholder owners of the corporation and entitled to bring shareholder claims under Minnesota law." In addition, the district court determined that appellants' allegation that U.S. Bank was the controlling shareholder of RTI "ignores the statutory definition of shareholder." In any event, even if U.S. Bank "were a shareholder," the district court stated that U.S. Bank "does not owe vague duties to a group of undefined 'beneficial owners.' " The district court also rejected appellants' argument that they are entitled to buy-out relief under section 302A.751, on the ground that subdivision 1(b) requires a shareholder action before a beneficial owner can make a buy-out motion under subdivision 2.

The court of appeals affirmed the dismissal of both claims. *Demskie v. U.S. Bank Nat'l Ass'n*, No. A22-0777, 2022 WL 17751473 (Minn. App. Dec. 19, 2022). First, the court of appeals upheld the dismissal of the breach-of-fiduciary-duty claim because appellants did not plead sufficient facts to show the shareholder status of U.S. Bank. *Id.* at *3. Specifically, the court of appeals concluded that the allegation in the complaint that U.S. Bank was the "controlling shareholder" of RTI was a mere "legal conclusion," and

6

appellants failed to "allege that U.S. Bank was registered on the books or records as the owner of shares of RTI." *Id.* Because the ruling on the shareholder status of U.S. Bank was "dispositive" for the breach-of-fiduciary-duty claim, *id.*, the court of appeals did not address appellants' argument that they did not need to be shareholders in order for U.S. Bank to owe fiduciary duties to them. Second, the court of appeals held that, under a plain language reading of section 302A.751, appellants could not make a buy-out motion as beneficial owners under subdivision 2, "without an initiation of a shareholder action under subdivision 1(b)." *Demskie*, 2022 WL 17751473, at *4. Because appellants had conceded that they were not shareholders, the court of appeals affirmed the district court's dismissal of the claim for buy-out relief. *Id.*

We granted appellants' petition for review on the following issues: (1) whether the court of appeals applied an improper pleading standard by requiring appellants' complaint to allege facts corresponding to the statutory definition of "shareholder" in section 302A.011, subdivision 29; and (2) whether owners of beneficial interests in a closely held corporation can move for a buy-out of their interests under section 302A.751, absent an action by a shareholder.

## ANALYSIS

### I.

We first address the sufficiency of the complaint as it relates to pleading the shareholder status of U.S. Bank. We review de novo whether the complaint sets forth a legally sufficient claim for relief. *Abel v. Abbott Nw. Hosp.*, 947 N.W.2d 58, 68 (Minn. 2020). Resolution of this issue also requires interpretation of the Minnesota Rules of Civil

7

Procedure, which we review de novo. *Glen Edin of Edinburgh Ass'n v. Hiscox Ins.*, 992 N.W.2d 393, 397 (Minn. 2023). We examine only the facts alleged in the complaint, taking those facts to be true and drawing all reasonable inferences in favor of the nonmoving party. *Abel*, 947 N.W.2d at 68. At this stage of the litigation, we construe the complaint to allow the claim "to go forward unless there is no way to construe the alleged facts—and the inferences drawn from those facts—in support" of the claim. *Hansen v. U.S. Bank Nat'l Ass'n*, 934 N.W.2d 319, 326 (Minn. 2019).

In *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 601–02 (Minn. 2014), we analyzed the history of Minnesota Rule of Civil Procedure 8.01, which establishes pleading requirements in Minnesota state courts. We also analyzed our past decisions interpreting the rule and considered the pleading requirements in the context of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), Supreme Court decisions that articulated a heightened pleading standard under the Federal Rules of Civil Procedure. *Walsh*, 851 N.W.2d at 601–03. We concluded that the heightened "plausibility" standard at the federal level, requiring that a complaint contain enough facts to state a plausible claim for relief, does not apply to litigation in Minnesota state courts. *Id.* at 603, 606. Instead, Rule 8.01 reflects a "preference for non-technical, broad-brush pleadings." *Walsh*, 851 N.W.2d at 605. Even if a vague complaint prevents a party from presenting an effective response, Minnesota Rule of Civil Procedure 12.05 permits a party to move for a "more definite statement." In sum, the Minnesota pleading standard " 'requires only information sufficient to fairly notify the opposing party of the claim against it,' " with a focus on the underlying " 'incident' rather than on the specific facts of

the incident." *Walsh*, 851 N.W.2d at 605 (quoting *Hansen v. Robert Half Int'l, Inc.*, 813 N.W.2d 906, 917–18 (Minn. 2012)).

Although the complaint here describes U.S. Bank as the controlling shareholder of RTI, the court of appeals determined that "labeling U.S. Bank as a controlling shareholder" was a nonbinding legal conclusion. *Demskie v. U.S. Bank Nat'l Ass'n*, No. A22-0777, 2022 WL 17751473, at *3 (Minn. App. Dec. 19, 2022). The court of appeals cited our decision in *Graphic Communications Local 1B Health & Welfare Fund "A" v. CVS Caremark Corp.*, which explained that "a plaintiff must provide more than mere labels and conclusions." 850 N.W.2d 682, 692 (Minn. 2014). Because appellants had not alleged "facts sufficient to establish that U.S. Bank is a shareholder"—specifically, allegations that "satisfy the definition of shareholder under the Minnesota Business Corporation Act"—the court of appeals concluded that appellants' breach-of-fiduciary-duty claim "fails on the pleadings." *Demskie*, 2022 WL 17751473, at *3.

Appellants argue that the court of appeals erred by requiring the complaint to include "additional factual enhancement." We agree. We conclude that the court of appeals' analysis is inconsistent with our notice pleading standard, which permits "short and general statements of fact" and does not ask for detailed factual allegations. *Walsh*, 851 N.W.2d at 605. The pleading requirement sought by U.S. Bank resembles the federal standard most commonly associated with *Twombly* and *Iqbal*. As to the sufficiency of the complaint here, *Walsh* controls.

To begin with, the allegation in the complaint that U.S. Bank was a shareholder of RTI is not a mere label. The complaint includes numerous facts supporting the allegation

9

that U.S. Bank became the controlling shareholder following John Demskie's death. For example, the complaint alleges that U.S. Bank called shareholder meetings, selected the members of the board of directors, and "made it a practice of conducting company business at combined Board and Shareholder meetings." The complaint also alleges that "U.S. Bank directly voted as a shareholder on company actions." It is difficult to see how these allegations do not give U.S. Bank fair notice of its claimed shareholder status.

The court of appeals concluded, however, that these facts are not sufficient because there is no allegation that "U.S. Bank was registered on the books or records as the owner of shares of RTI" under the statutory definition of "shareholder" in Minn. Stat. § 302A.011, subd. 29. *Demskie*, 2022 WL 17751473, at *3. But this level of specificity is not required. *See Hardin Cnty. Sav. Bank v. Hous. & Redevelopment Auth. of Brainerd*, 821 N.W.2d 184, 191 (Minn. 2012) (explaining that "no specific or technical form of pleading is required"). We have long held that a pleader is not "required to allege facts and every element of a cause of action." *N. States Power Co. v. Franklin*, 122 N.W.2d 26, 29 (Minn. 1963), *quoted in Halva v. Minn. State Colls. & Univs.*, 953 N.W.2d 496, 503 (Minn. 2021). Just as a pleader is not required to allege facts and every element of a cause of action, a pleader is not required to allege facts and every facet of a statutory definition. Rather, a claim should "be dismissed only if it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the relief demanded." *Id.* Moreover, at some level, the standard urged by U.S. Bank could well be impossible to meet because minority shareholders and beneficial owners, as a practical matter, may not have the same access to business records as the controlling shareholder,

and the proposed standard might interfere with attempts to ensure compliance with statutory duties owed by controlling shareholders.

We therefore conclude that, for purposes of the motion for judgment on the pleadings, the complaint adequately alleges the shareholder status of U.S. Bank. We remand to the court of appeals for further proceedings on the breach-of-fiduciary-duty claim. On appeal, appellants argued that the district court erred by concluding that (1) because U.S. Bank was a non-shareholder, the Bank did not owe any fiduciary duties to appellants, and (2) as owners of beneficial interests, appellants were not owed any fiduciary duties. The court of appeals concluded that "the issue of whether U.S. Bank is a shareholder is dispositive" for this claim "because U.S. Bank needs to be a shareholder to owe shareholder fiduciary duties." *Demskie*, 2022 WL 17751473, at *3. Because we reverse the court of appeals' conclusion regarding the shareholder status of U.S. Bank, and the court of appeals did not address appellants' argument that fiduciary duties are owed to beneficial owners, we direct the court of appeals to address this issue on remand.

## II.

We turn next to whether the court of appeals correctly concluded that appellants, as owners of beneficial interests in RTI, may not invoke the buy-out remedy under section 302A.751, subdivision 2, of the Minnesota Business Corporation Act. We review questions of statutory interpretation under a de novo standard. *Findling v. Grp. Health Plan, Inc.*, 998 N.W.2d 1, 6 (Minn. 2023). Appellants challenge the court of appeals' conclusion that the buy-out remedy in the statute is not available to them because there is no action by a shareholder here. *Demskie*, 2022 WL 17751473, at *4.

11

Minnesota Statutes section 302A.751, subdivision 1(b), authorizes a court to grant equitable relief in specified circumstances. One circumstance is "in an action by a shareholder when it is established," as appellants allege in their complaint, that "those in control of the corporation have acted in a manner unfairly prejudicial toward one or more shareholders in their capacities as shareholders." Minn. Stat. § 302A.751, subd. 1(b)(3).

Section 302A.751, subdivision 2, provides, as potential relief, a buy-out remedy:

> In an action under subdivision 1, clause (b) . . . the court may, upon motion of a corporation or a shareholder or beneficial owner of shares of the corporation, order the sale by a plaintiff or a defendant of all shares of the corporation held by the plaintiff or defendant to either the corporation or the moving shareholders, whichever is specified in the motion, if the court determines in its discretion that an order would be fair and equitable to all parties under all of the circumstances of the case.

Minn. Stat. § 302A.751, subd. 2. Here, appellants claim entitlement as beneficial owners to make a buy-out motion because subdivision 2 specifically states that a beneficial owner may make a buy-out motion. U.S. Bank responds that appellants are not entitled to buy-out relief under subdivision 2 because a shareholder did not initiate "an action" under subdivision 1(b).

Appellants' argument is summarized as follows: Under these circumstances, "shareholder" in section 302A.751, subdivision 1(b), implicitly includes appellants as beneficial owners because a broader definition of "shareholder" is necessary to harmonize subdivisions 1 and 2. First, the definition section of chapter 302A specifically instructs that defined terms have the meaning given "unless the language or context clearly indicates that a different meaning is intended." Minn. Stat. § 302A.011, subd. 1. And the reference to "moving shareholders" in subdivision 2 necessarily includes beneficial owners because

12

the same subdivision explicitly gives beneficial owners the right to move for a buy-out. Accordingly, the Legislature's merging of shareholders and beneficial owners into "moving shareholders" in subdivision 2 supports the interpretation that, in subdivision 1(b), the Legislature also intended the definition of "shareholder" to include beneficial owners. Furthermore, interpreting "shareholder" in subdivision 1 as referring to only a person registered on the books or records of the corporation as a shareholder makes the subsequent references to "beneficial owners" in section 302A.751 insignificant and makes the remedial right for beneficial owners in subdivision 2 illusory. If beneficial owners are unable to initiate the legal proceeding necessary to make a buy-out motion, they will be denied the buy-out remedy when a shareholder declines to initiate the prerequisite proceeding.

U.S. Bank's argument is summarized as follows: Based on the plain language of the statute, only a "shareholder" as defined in section 302A.011, subdivision 29—"a person registered on the books or records of a corporation" as the owner of shares of the corporation—is entitled to initiate a shareholder action under section 302A.751, subdivision 1(b). The exclusion of beneficial owners from subdivision 1(b) accurately reflects the differences between shareholders and beneficial owners. A beneficial owner's relationship to a corporation is tangential and peripheral, but a shareholder owns part of the corporation directly and, as a result, has a recognized role in corporate administration. For example, the Minnesota Business Corporation Act permits beneficial owners to assert dissenters' rights with respect to shares held on their behalf, but only with the written consent of the actual shareholder, Minn. Stat. § 302A.471, subd. 2(b), and the Act

13

incorporates an assumption that beneficial owners cannot be deemed shareholders for the purposes of voting rights except in limited circumstances with the permission of a shareholder, *see* Minn. Stat. § 302A.445. Accordingly, even assuming that appellants are beneficial owners, they cannot initiate a shareholder action under section 302A.751, subdivision 1(b), because they are not statutorily defined shareholders, and the buy-out remedy in subdivision 2 is not available to them.

Our court is equally divided on this question, and we leave undisturbed the court of appeals' conclusion that appellants, as owners of beneficial interests in RTI, cannot commence a shareholder action under section 302A.751, subdivision 1, and therefore the buy-out remedy in subdivision 2 is not available to them. *See Erickson v. Bakke*, 95 N.W.2d 656, 657 (Minn. 1958) (holding that, when a justice does not participate in the consideration or decision of a question, "and the other members of the court . . . being equally divided, the order of the lower court is affirmed").

## CONCLUSION

For the foregoing reasons, we affirm the court of appeals on the disposition of the buy-out claim of appellants but reverse on the disposition of the breach-of-fiduciary-duty claim, and remand to the court of appeals for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.


THISSEN, J., took no part in the consideration or decision of this case.

14